In re WILCOX.

(Supreme Court, Appellate Division, Fourth Department.   March 4, 1908.)

1. PERPETUITIES—CREATION OF FUTURE ESTATES.

Testator gave one-third of his residuary estate to his executors, in trust to pay the income to a daughter for life, then to her issue during their minority, and as each arrived at the age of 21 years his share of the principal should be given him absolutely, and declared that, in case the daughter died without issue who arrived at the age of 21, the property should go to persons designated. *Held*, that though the gift to the daughter's issue was void, because it suspended the power of alienation for too long a time, the gift over to the persons designated on the daughter dying without issue surviving was valid, within 1 Rev. St. (1st Ed.) p. 724, pt. 2, c. 1, tit. 2, § 25, Id. p. 773, pt. 2, c. 4, tit. 4, § 2, Real Property Law. Laws 1896, p. 566, c. 547, § 41, and Personal Property Law, Laws 1897, p. 507, c. 417, § 2, providing that two or more future estates may be created to take effect in the alternative, so that, if the first in order shall fail to vest, the next in succession shall be substituted for it.

2. TRUSTS—TESTAMENTARY TRUSTEES—COMMISSIONS.

A life beneficiary in a trust, entitled to the income of the trust fund, was appointed trustee. She did not pay out the corpus of the fund, but died with it in her possession. *Held* that, as her executor would be required to distribute the corpus to the persons entitled thereto, her estate was entitled to the full commissions for receiving and paying out the same.

Robson, J., dissenting.

Appeal from Surrogate's Court, Cattaraugus County.

In the matter of the judicial settlement of the account of Frances D. Wilcox, trustee under the will of Bethuel McCoy, deceased. From a decree of the Surrogate's Court, settling the account, certain of the parties in interest appeal. Modified and affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Ansley & Ansley and D. W. Congdon, for appellants.

E. D. Northrup, Rodney R. Crowley, A. R. Conley, James O. Clark, and W. G. Laidlow, for respondents.

WILLIAMS, J. The decree should be modified, so as to allow the estate of Mrs. Wilcox full commissions on the corpus of the fund, and, as so modified, affirmed, with costs to respondents represented by Attorneys Laidlow, Crowley and Conley, payable from the fund involved.

The main controversy here is over the latter part of the seventh clause of the will of Bethuel McCoy, as modified by the second codicil to such will. The will was executed August 1, 1872, and the second codicil August 6, 1875. The decedent died May 12, 1876. His daughter Mrs. Saunders died intestate December 23, 1875, before her father's death. At decedent's death he left two sons, William and Charles, and one daughter, Mrs. Wilcox. By the seventh clause of the will, as modified by the second codicil, decedent disposed of the residuary of his estate after making several devises and legacies, viz.: By the first provision thereof he gave one-third of such residuary estate to his daughter Mrs. Saunders for life, and then to her two chil-

dren each $2,000, and the balance to the husband of Mrs. Saunders; by the second provision thereof he gave another one-third of such residuary estate to his son Charles for life, and then to his two children, Maggie and May; and then by the third provision thereof he gave the remaining one-third of such residuary estate to his executors, in trust for the purpose of paying the income to his daughter Mrs. Wilcox for life, and then to her issue the income thereof during their minority, and as each arrived at the age of 21 years he gave his share of the principal to him absolutely, and in case Mrs. Wilcox should die without issue who arrived at the age of 21 years then he gave to his daughter Mrs. Saunders the one-half thereof during her life, and then to her two children any balance of the $2,000 each aforesaid, and balance to her husband, and to his son Charles the remaining one-half. This latter provision is the one over which the controversy arises.

Mrs. Wilcox survived the decedent, her father. She had had one child before the will was executed, who died in infancy, but had no children after her father died. Charles McCoy, executor and trustee named in the will, acted as such until he died, about 1898, and then Mrs. Wilcox was appointed such trustee of the fund under the will and remained such until she died. She received the income therefrom for 30 years after her father died, and January 6, 1906, herself died, leaving the fund then amounting to $7,583.77. She left a will, and the decree in question was made upon an accounting by her executor for this trust fund. The surrogate decided that the provision in favor of Mrs. Wilcox was valid, that in favor of her issue was void, and that in favor of Mrs. Saunders, her children and husband, and Charles McCoy was alternative in its nature, and as such was valid. The appellants are the children of William McCoy, now deceased, and Congdon, a residuary legatee under Mrs. Wilcox's will. Their claim is that the whole of the provision as to the last one-third of the residuary estate was void, and that decedent died intestate as to such one-third. It is conceded that the provisions as to Mrs. Wilcox's issue was void, and the principal question here is whether the alternative provision was properly upheld, in view of the invalidity of the provision as to issue.

The estates here provided for were alternative under the provisions of the Revised Statutes and the real property law, viz.:

"Two or more future estates may also be created, to take effect in the alternative, so that if the first in order shall fail to vest, the next in succession shall be substituted for it, and take effect accordingly." 1 Rev. St. (1st Ed.) p. 724, pt. 2, c. 1, tit. 2, § 25; Real Property Law, Laws 1896, p. 566, c. 547, § 41.

The same rule applies to personal property. See 1 Rev. St. (1st Ed.) p. 773, pt. 2, c. 4, tit. 4, § 2; Personal Property Law, Laws 1897, p. 507, c. 417, § 2.

In this case the first one failed to vest, as Mrs. Wilcox left no issue whatever, and thereupon the second one was substituted for it, and took effect accordingly. There can be no doubt as to the intention of the testator and the real scheme of the will. The first alternative estate provided for was illegal. It suspended the power of alienation too long. But there was never any occasion to apply that provision;

there never having been any issue of Mrs. Wilcox. It is claimed, nevertheless, that the whole provision as to the disposition of this one-third of the residuary estate must fail because the provision as to Mrs. Wilcox's issue was illegal. It was said in Brown v. Quintard, 177 N. Y. 75–85, 69 N. E. 227:

> "Where a trust is a part of a single scheme, the principal object of which cannot be carried out, the whole scheme fails, and no effect can be given to any part of it."

That principle was, of course, sound, and was properly applied to the facts of that case; but it is not applicable in this case, because here the scheme and object of the testator and of the will can be precisely carried out. There having been a failure of issue of Mrs. Wilcox, the property goes to the persons the testator intended should have it. No injustice will result from upholding this provision of the will, such as was pointed out in the case cited—no injustice of any kind to any one. In Schettler v. Smith, 41 N. Y. 328, this question was considered, and Judges Grover and Daniels agreed that:

> "When a limitation is made to take effect on two alternative events, one of which is too remote, and the other is valid as within the prescribed limits, although such limitation is void so far as it depends on the remote event, it will be allowed to take effect on the happening of the alternative one."

There, as here, the first alternative provision was invalid, as suspending the power of alienation for too long a time; but, as it resulted, only the second alternative became applicable, and that was upheld, notwithstanding the invalidity of the first one. Grover, J., said:

> "But for the provision of the statute, both dispositions would have been lawful and valid, and either would have taken effect according to the happening of the events giving it validity. The statute comes in and avoids one of the dispositions, leaving the other unaffected by its provisions. Why should not the latter take effect upon the occurrence of the events upon which it was made to depend? The authorities sustain its validity."

Daniels, J., said:

> "Two distinct and independent limitations were provided for the final vesting of the remainder; one dependent upon an event allowed by law, and the other upon an event falling within the statutory prohibition. The former, being valid, could no more be impaired by the latter than it would have been if the latter had been entirely omitted by the testator. * * * It is well settled that the limitation lawfully made shall be sustained, even though that depending on the other contingency may be wholly inoperative and void."

These judges referred to the cases theretofore decided and the text-book writers in support of their views so expressed. This was the law as laid down by the Court of Appeals then, and I am not aware that it has ever been changed or varied, though the case has been frequently cited by the Court of Appeals since, and not always correctly quoted from. See Hascall v. King, 162 N. Y. 152, 153, 56 N. E. 515, 76 Am. St. Rep. 302, and cases there referred to. It must control the determination of this question in the present case.

The surrogate refused to allow the estate of Mrs. Wilcox full commissions on the corpus of the fund, but only one-half commissions. She had the whole income, and therefore had any commissions to which she would otherwise have been entitled thereon. The one-half

commissions on the corpus of the fund were allowed for receiving it. She never paid it out, but died with it in her possession. The commission allowed in name for receiving and paying out the fund is really for the care and management of the same, and inasmuch as Mrs. Wilcox was properly made trustee and performed the service of caring for the fund, and her executor will have to distribute and pay over the same to the parties held entitled thereto, I think the estate is entitled to the full commissions for receiving and paying out the fund. No separate commissions are given for receiving or paying out the fund, but the whole commissions are given for receiving and paying out the same. All concur, except ROBSON, J., who dissents, and SPRING, J., not voting.