(85 Misc. Rep. 673)

### In re ZIEGLER'S ESTATE.

(Surrogate's Court, New York County. May, 1914.)

TRUSTS (§ 316*)—COMPENSATION OF DECEASED TRUSTEE—COMMISSION ON DIS-
BURSEMENT.

> Where, on the annual accounting of trustees, the surrogate has passed
> on the accounts and published a decision settling same, and directed en-
> try of a decree thereon, and thereafter, before signing of the decree, one
> trustee dies, and it appears that during his lifetime he performed all the
> duties of the trust except the "paying out" to be done pursuant to the
> decree, his estate will be allowed a full one-half of 1 per cent. commis-
> sion for the "paying out" directed by the decree.

> [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 445–459; Dec.
> Dig. § 316.*]

Judicial settlement of the accounts of executors and trustees of the
estate of William Ziegler, deceased. Decreed according to opinion.

William J. Underwood, of New York City, for executors and trus-
tees.

Swan & Moore, of New York City (John M. Bowers, of New York
City, of counsel), for William Ziegler, Jr.

Patton & Patton, of New York City, for George W. Brandt.

COHALAN, S. Upon the entry of the decree settling the ac-
counts of the executors and trustees of this estate, a novel question of
considerable importance arises. This question is as to the allowance
of commissions to the estate of a deceased trustee, where the admin-
istration of the estate is complete and nothing remains to be done
except the distribution pursuant to a decree to be entered.

Under the will of the testator, three trustees were named to carry
out its provisions. After the accounts of the three trustees had been
filed in this court and a decision had been made and published settling
the same and directing that a decree be entered thereon, William J.
Gaynor, one of the trustees, died. Thereafter the proceeding was re-
vived and continued, with the Kings County Trust Company, as execu-
tor of the estate of the deceased trustee, William J. Gaynor, as a party.
The commission in question is the one-half commission for "paying
out" the fund in the hands of the trustees. It is claimed that the death
of one of the trustees before the entry of the decree and before the
actual "paying out" deprives that trustee of his right to commissions.
However, this does not appear to be tenable. The deceased trustee
has accounted and has thereby rendered himself and his estate liable for
the amounts set forth in his accounts as being in his possession as ex-
ecutor and trustee. He has the right to have his estate discharged.
The distributee has the right to hold him or his estate for the distribu-
tion. The decree about to be entered will settle his accounts as well
as those of the surviving trustees, and his representative participates in
the distribution and paying out. The law gives to executors and trus-
tees the sums styled commissions, not simply for the performance of
the ministerial acts of receiving or paying out and delivering the
money, but by way of compensation for the work, care, management,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and responsibility in the handling of the funds, the compensation to be determined by a fixed standard—the amounts of receipts and disbursements. Matter of Wilcox, 125 App. Div. 152, 109 N. Y. Supp. 564; Collier v. Munn, 41 N. Y. 143. It is quite true, as argued by the attorneys for the beneficiary, that the executor of a deceased executor cannot administer the estate, and the cases cited by counsel all refer to pending administration and not one, as in this case, that is completed. The deceased executor and trustee had completed the administration of the estate during his lifetime, had earned his commissions or compensation, his executors are parties to the proceeding now and are necessary parties to the proceeding for the distribution, and I believe the estate of the deceased trustee is entitled to a commission of one-half of 1 per cent. on the accumulated income.

In this matter, the deceased executor and trustee had done everything possible in the administration of his trust, except the purely ministerial act of paying over the money. He was before the court, and the fund was before the court for adjudication and distribution. Suppose he had died immediately after the signing of the decree and before the actual "paying out." His right to commissions in such a case would not be open to question. It would seem that the physical act of "paying out" should not be the sole test in this case.

I have signed the decree submitted and have allowed the deceased executor and trustee full commissions.

Decreed accordingly.