JAMES and another, *appellants,* *vs.* WOODRUFF and others, *respondents.*

Stock in an incorporated company cannot be transferred so as to pass a legal title after the dissolution of the corporation.

After such dissolution, the interests of the several stockholders become equitable rights to a proportionate share of the assets after payment of the debts.

A stockholder who is indebted to the corporation at the time of its dissolution, is only entitled to his share of the effects after deducting the amount which he may owe.

An assignee of a stockholder in a dissolved corporation takes the interest of the assignor, subject to all claims which the corporation has against him.

Where stock in a corporation which has been dissolved is purchased by a debtor of the corporation, such purchaser is in the same situation as though he had been a stockholder when the corporation was dissolved, and must therefore submit to have the debt which he owes deducted from his share of the assets,—and one who purchases the stock from him takes it subject to the like deduction.

ON appeal from the court of chancery, where a decree was made reversing the decision of the assistant vice chancellor of the first circuit, and dismissing the complainants' bill with costs. A statement of the facts together with the opinion of the chan-

cellor appears in the report of the case in 10 *Paige,* 541.   The case was argued here by

*W. H. Seward,* for the appellants, and

*J. L. Curtenius,* for the respondents.

Senators HARD, JOHNSON and LOTT, delivered opinions in which they came to the same conclusions stated in the opinion of the chancellor; and  Senator BARLOW delivered an opinion in favor of reversing the decree appealed from.

On the question being put, " Shall this decree be reversed ?" the members of the court voted as follows :

*For reversal : Senators* BACKUS, BARLOW, BURNHAM, CHAMBERLAIN, DEYO and TALCOTT—6.

*For affirmance :* The PRESIDENT, *Mr. Justice* JEWETT, and *Senators* BOCKEE, EMMONS, HAND, HARD, JOHNSON, LOTT, MITCHELL, PORTER, SEDGWICK, SMITH and WRIGHT—13.

Decree affirmed