In the Matter of the Accounting of The Mercantile
Trust Company, as Executor of Charles K. Smith,
Deceased, Respondent.

Charles S. V. Smith et al., Appellants.

Stocks — when purchased and held on margin by broker, it may
be assumed customer has not had possession — executor of cus-
tomer entitled to commissions only upon proceeds of stock that
actually came into his possession — when decision of Appellate
Division conclusive upon Court of Appeals.

1. For purposes of general definition, the relationship between
customer and broker, in relation to stocks which have been pur-
chased and are being carried by the latter on a margin, is that of
pledgor and pledgee. In the absence of evidence to the contrary,
it is assumed that the customer has not had possession of the stocks,
and that he cannot secure possession thereof from the broker until
he has paid the indebtedness due thereon.

2. Where the personal estate of a decedent consisted substantially
of shares of stock which had been purchased, and at the time of his
decease were being carried by his brokers, on a margin, and the
brokers sold a large number of shares of the stock in order to pay off
decedent's indebtedness to them, the personal representative is
entitled to commissions upon the proceeds of only so much of the
stock as actually came into its possession after the indebtedness to
the brokers had been paid in full.

3. Where the Surrogate's Court surcharged the account of the
personal representative of decedent for causing decedent's stock to
be sold at a price less than that at which it was appraised, and the
Appellate Division has reversed the order of the surrogate and
decided, as a matter of fact, that the executor was not guilty of
negligence in the sale, and that it should not be so surcharged, such
decision is conclusive upon the Court of Appeals.

*Matter of Mercantile Trust Co.*, 156 App. Div. 224, modified.

(Argued November 18, 1913; decided December 30, 1913.)

Appeal from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered
May 29, 1913, which reversed a decree of the New York
County Surrogate's Court settling the accounts of the

temporary administrator of the estate of and executor of Charles K. Smith, deceased, and directed the entry of a modified decree.

The facts, so far as material, are stated in the opinion.

*John M. Harrington* for Charles S. V. Smith, appellant. Notwithstanding the statement in the order appealed from that the reversal was based upon the facts as well as upon the law, this court will determine whether the evidence presents a material question of fact; and if not, the appeal will be entertained. (*Matter of Totten,* 179 N. Y. 112.) The fundamental proposition upon which the order of reversal was based presents solely a question of law and there was no material question of fact involved; and even if the reversal be regarded as upon the facts a new trial should be granted. (*Matter of Totten,* 179 N. Y. 112; *Elterman* v. *Hyman,* 192 N. Y. 113; *Hamlin* v. *Hamlin,* 192 N. Y. 164; *Otten* v. *Manhattan R. Co.,* 150 N. Y. 395; *Bonnette* v. *Molloy,* 209 N. Y. 167; *Nickell* v. *Tracy,* 184 N. Y. 386.) The commissions allowed by the Appellate Division are, as matter of law, excessive. (*Stevens* v. *Melcher,* 152 N. Y. 551; *Matter of Rutledge* 162 N. Y. 31; *Matter of Douglas,* 60 App. Div. 64.)

*John S. Wise* for Adelena M. Smith, appellant. The reversal in the Appellate Division was upon the law, and no material finding of fact was reversed. (*Matter of Totten,* 179 N. Y. 613; *Mead* v. *Parker,* 111 N. Y. 259; *Carney* v. *N. Y. L. Ins. Co.,* 162 N. Y. 453; *Craig* v. *Parkis,* 40 N. Y. 181.)

*Allan McCulloh* and *W. W. Lancaster* for respondent. The Appellate Division having unanimously reversed the surrogate's decree on the law and on certain questions of fact specified and referred to in the order of reversal, the present appeal should be dismissed. (*Sharp* v. *Erie R. R. Co.,* 184 N. Y. 100; *McCarty* v. *Natural Carbonic*

*Gas Co.*, 189 N. Y. 40; *Edson* v. *Bartow*, 154 N. Y. 215; *Otten* v. *Manhattan R. Co.*, 150 N. Y. 395; *Hagan* v. *Ward*, 178 N. Y. 560; *Greacen* v. *Poehlman*, 191 N. Y. 493; *Pierson* v. *Crooks*, 115 N. Y. 539; *Cross* v. *Beard*, 26 N. Y. 85; *Zinn* v. *N. J. S. Co.*, 49 N. Y. 442.) The Mercantile Trust Company is entitled to its commissions. (*King* v. *Talbot*, 40 N. Y. 76; *Cook* v. *Lowry*, 95 N. Y. 103.)

HISCOCK, J.    The respondent trust company was named as executor in the will of one Smith, and letters were finally issued to it as such, but owing to unavoidable delay in procuring the probate of the will and urgent circumstances in the condition of the testator's estate the company was appointed and for some time acted as temporary administrator pending such probate.

Substantially all of the decedent's personal estate, consisted of 5,200 shares of copper stocks which had been purchased and at the time of his decease were still being carried by his brokers on a margin.    The trust company, then being administrator, gave orders to the brokers who were carrying said stocks to sell specified amounts thereof at specified prices, and several hundred shares were disposed of in this way at prices which compared favorably with those at which the stock was appraised for the estate.    While a large amount of the stock was still on hand, however, the market price began to decline, and in order to pay off the brokers upwards of two thousand shares were sold at prices much less than those prevailing at the time of decedent's death and at the time of the appraisal.    Only five hundred shares remained as a surplus, after paying the brokers, for actual delivery to the trust company.

Under these circumstances, on the accounting of the latter as administrator and executor, the serious question between the parties arose on the claim of the appellants that the company did not exercise proper diligence in

causing said stock to be sold and that it should be sur-charged with a large amount because of its alleged negligence and laches. The surrogate upheld this contention and did thus surcharge the respondent, but the Appellate Division decided as matter of fact that it had not been thus guilty of neglect and that it should not be thus penalized.

This action of the Appellate Division is conclusive upon us on what was clearly an issue of fact, and there is left only one other question which we think is open to, and requires, consideration by us.

The respondent has been allowed commissions on the proceeds of all of the stock held for the decedent by his brokers, and it is contended by the appellants that this is erroneous and that it should have been allowed such commissions only on the proceeds of the stock which actually came into its possession after the indebtedness due to the brokers had been paid in full and which, as stated, amounted to only five hundred shares. We think that this claim is well founded.

An executor or administrator is entitled to fees "for receiving and paying out moneys." (Code Civ. Pro. § 2730.) The respondent's theory is that the brokers held these stocks for its testator, and that, therefore, when the stocks were sold by them for his account and the proceeds applied to the payment of his indebtedness there was a constructive receipt and payment by it of money which satisfies the statute and entitles it to commissions.

For purposes of general definition the relationship between customer and broker in relation to stocks which have been purchased and are being carried by the latter on a margin, has been held to be that of pledgor and pledgee. (*Markham* v. *Jaudon,* 41 N. Y. 235; *Baker* v. *Drake,* 66 N. Y. 518; *Content* v. *Banner,* 184 N. Y. 121.)

This relationship, however, has some special and unusual features. Ordinarily, and in the absence of evidence to the contrary we assume this to be an ordinary

case, where a broker is carrying stocks on a margin for his customer, these stocks have not been delivered to him by his customer but have been bought with his own money and have never been in the possession of the latter.   Under certain limitations the broker may hypothecate such stocks and sell them for the payment of the indebtedness due thereon, and on payment by his customer is not restricted to the delivery of the specific certificates which he purchased on his order, but may deliver others of like kind.   Not only has the customer not had possession of or delivered the stocks to the broker, but he cannot secure possession thereof from the broker until he has paid the indebtedness due thereon.   Under such principles applicable to this case we think the conclusion that the respondent ever had possession of so much of the testator's stocks as were sold by the brokers for the purpose of paying their claim and discharging their lien, or that it "received and paid out" the proceeds thereof, would result in an unwarranted subordination of facts to theory and would be wholly unjustifiable.

This view seems to us to be so well sustained by reason that we should not feel like surrendering it to any decision not authoritatively binding upon us, if there were such an one.   Not only has no such decision been cited, but on the other hand decisions have been cited which by inference at least sustain the conclusion which we are adopting by making clear some of the circumstances under which commissions may and may not be credited to an executor on the sale of property subject to a lien. (*Baucus* v. *Stover*, 24 Hun, 109; reversed on another question, 89 N. Y. 1; *Estate of Pease*, 149 Cal. 167; *Matter of Security Life Ins. & An. Co.*, 31 Hun, 36, 39. See, also, concerning the application of a similar statute to commissions of receivers, *Matter of Smith Co.*, 31 App. Div. 39; *Matter of Woven Tape Skirt Co.*, 85 N. Y. 506.)

The order of the Appellate Division directing that this matter be remitted to the Surrogate's Court to enter a

decree in accordance with its order should be modified by providing that the respondent should receive commissions only upon so much of the stock originally held by decedent's brokers and the proceeds thereof as actually came into its possession, and as so modified said order of said Appellate Division should be affirmed, without costs to either party in this court or in the Appellate Division.

CULLEN, Ch. J., GRAY, WILLARD BARTLETT, CHASE, COLLIN and MILLER, JJ., concur.

Ordered accordingly.