THE FARMERS' LOAN and TRUST COMPANY, Individually and as Trustee under the Will of HERBERT B. TURNER, Deceased, Appellant, *v.* ELIZABETH M. TURNER, Individually and as Executrix of THORNTON F. TURNER, Deceased, et al., Respondents.

**Trustees — commissions — trustee entitled only to commissions on its testator's equity in the real or personal property received or paid out — provisions of Civil Practice Act and Surrogate's Court Act controlling amount of trustee's commissions should be read together — commissions same in proceedings instituted in either court.**

1. A trustee who at the time of its testator's death held mortgages on his real property and thereafter paid to itself part of the amount thereof out of the proceeds of a life insurance policy augmented by contributions from testator's children and the balance from the proceeds received on a sale of such property, is not entitled to commissions on the amount of the mortgages. It is entitled only to commissions on its testator's equity in the real or personal property received or paid out.

2. Section 1548 of the Civil Practice Act and section 285 of the Surrogate's Court Act which govern or control the amount of commissions to be awarded to a trustee should be read and construed together. The commissions, whether the action be brought in the Supreme Court for the settlement of the account or whether the proceeding be instituted in the Surrogate's Court, are the same.

*Farmers' Loan & Trust Co.* v. *Turner,* 213 App. Div. 866, affirmed.

(Argued February 26, 1926; decided March 30, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 22, 1925, which affirmed a judgment judicially settling the accounts of the trustee under the will of Herbert B. Turner, deceased, entered upon the report of a referee.

*C. Alexander Capron* and *James D. Ouchterloney* for appellant. The trustee is entitled to commissions on

the full amount of the proceeds of sale or on the full value of the real property, undiminished by the amount of the mortgages thereon at the date of testator's death. (*People ex rel. Stafford* v. *Surrogate's Court of Genesee County,* 229 N. Y. 495; *Phœnix* v. *Livingston,* 101 N. Y. 451; *Robertson* v. *de Brulatour,* 188 N. Y. 301; *Matter of Bush,* 227 N. Y. 85; *Matter of Potter,* 106 Misc. Rep. 113; *Matter of Bearns,* 188 App. Div. 215; *Trimm* v. *Marsh,* 54 N. Y. 599; *Matter of Barker,* 230 N. Y. 364; *Cox* v. *Schermerhorn,* 18 Hun, 16; *Baucus* v. *Stover,* 24 Hun, 109.)

*John B. Warner* and *Harry C. Miller* for Herbert T. Lorentzen et al., respondents. The value of the real property devised to the trustee cannot be taken as the basis upon which to award commissions. (*Robertson* v. *de Brulatour,* 188 N. Y. 301; *Matter of Hamersley,* 99 Misc. Rep. 218.) The trustee is entitled to commissions only upon the proceeds of sale of the real property in excess of the mortgages thereon, and not upon the gross proceeds of sale. (*Baucus* v. *Stover,* 24 Hun, 109; *Matter of Mercantile Trust Co.,* 210 N. Y. 83.)

*Russel S. Coutant* and *Hall Park McCullough* for John M. Turner, respondent. Plaintiff as trustee is entitled to commissions only on the equity of the real property. (*Matter of Mercantile Trust Co.,* 210 N. Y. 83.)

McLAUGHLIN, J. A single question is presented by this appeal and that is the commissions to which the trustee is entitled under the last will and testament of Herbert B. Turner.

The testator, a resident of New Jersey, died on the 8th day of July, 1903. At the time of his death he owned two pieces of real estate in the city of New York. This real estate, with certain personal property, he gave and

16

devised to the plaintiff in trust for certain purposes specified in his will. He had upwards of $50,000 life insurance. The real estate was subject to mortgages thereon aggregating $200,000. One of the pieces of real estate was located on Madison avenue, New York city, upon which there was a mortgage of $160,000 made by the decedent to the trust company individually and held by it at the time of his death. The other piece of real estate was on Twenty-eighth street, New York city, and that was subject to a mortgage of $40,000 made by the decedent to the trust company individually and held by it at the time of his death. He expressed in his will a desire that his children should add or contribute to the life insurance fund enough to make $60,000 which amount should be used by the trust company in reducing the mortgage on the Madison avenue property to $100,000. His children, in obedience to his desire, paid to the trust company a sum sufficient to make, with his life insurance, $60,000 and that amount the trust company paid to itself, thereby reducing its mortgage from $160,000 to $100,000.

The trust company subsequently sold the Madison avenue property for $400,000, and out of the purchase price it paid to itself, in satisfaction of the balance due on the mortgage thereon, $100,000. It sold the Twenty-eighth street property for $75,000 ($20,000 cash, and a purchase-money mortgage for $55,000). At the time the sale was made the trust company individually held a mortgage on that property for $40,000 and out of the purchase price it paid to itself $20,000 in cash and assigned and transferred to itself individually a participating interest to the extent of $20,500 in the purchase-money mortgage.

The receipt of the purchase price for both parcels and the satisfaction of the mortgages thereon were simultaneous transactions, and deeds of conveyance were not delivered to the purchasers until the trust company, as

mortgagee, had received the full amount of the mortgage incumbrances in the manner above indicated.

This action was brought in the Supreme Court for the purpose of settling its account as trustee under the will of the testator. The only issue raised on the settlement of its account was the amount of commissions to which it was entitled. This issue was sent to a referee to hear and determine. The referee reported that the trust company was entitled only to commissions on the testator's equity in the real estate mentioned. Judgment was entered on the report and the trust company appealed to the Appellate Division. The Appellate Division unanimously affirmed the judgment and, by permission, this court allowed an appeal to it.

I am of the opinion that the judgment is correct and should be affirmed. The plaintiff, as trustee, was entitled only to commissions on the testator's equity in the real or personal property received or paid out. It did not actually and in fact receive or pay out the amount of the mortgages. It is true that it did in form receive and pay out that amount but only in form. The testator at the time of his death did not own or have any interest in the real estate referred to, except his equity therein. The mortgages were owned and held by the trust company. It could not use the proceeds of the life insurance policy, augmented by contributions of the testator's children, to pay itself, and claim commissions thereon any more than it could, by taking sufficient of the proceeds of the purchase money received on the sale of the real estate, pay to itself a sum sufficient to discharge the incumbrances and claim commission therefor. It would, it seems to me, be a travesty on justice to hold that, by shifting money from one pocket and putting it into the other, such act constituted receiving and paying out within the meaning of the statute. There are two statutes which govern or control the amount of commissions to be awarded to a trustee. Section 1548 of the

Civil Practice Act (formerly section 3320 of the Code of Civil Procedure) provides that "Except as otherwise prescribed in regard to a testamentary trustee, a trustee of an expressed trust is entitled, and two or more trustees of such a trust are entitled, to be apportioned between or among them according to the services rendered by them respectively, as compensation for services as such, over and above expenses, to commissions as follows. * * * " Section 285 of the Surrogate's Court Act (formerly section 2753 of the Code of Civil Procedure) provides: "On the settlement of the account of any * * * testamentary trustee, the surrogate must allow to him his * * * expenses actually paid by him * * *," and commissions specified. "The value of any real or personal property, to be determined in such manner as the surrogate may direct, and the increment thereof, received, distributed or delivered, shall be considered as money in making computation of commissions. * * * "

The section of the Civil Practice Act and the section of the Surrogate's Court Act should be read and construed together. The commissions, whether the action be brought in the Supreme Court for the settlement of the account or whether the proceeding be instituted in the Surrogate's Court, are the same. It would be an unwarranted and unjustified holding that an executor, administrator or trustee would be entitled to more commissions in one than in the other. The Legislature never intended such result.

The question presented by this appeal has, in principle, been decided by this court (*Matter of Mercantile Trust Co.*, 210 N. Y. 83), and also by the late General Term (*Baucus v. Stover*, 24 Hun, 109). (See, also, *Estate of Pease*, 149 Cal. 167; *Matter of Security Life Ins. & Annuity Co.*, 31 Hun, 36, p. 39; *Matter of Smith Co.*, 31 App. Div. 39.) In the *Baucus* case the real estate of the testator was mortgaged and by virtue of a power in the

will the executors sold the same, realizing a certain amount, and after satisfying the mortgage by payment a small surplus remained in their hands. The court held that the executors were entitled to commissions only upon the proceeds of the sale of the real estate aside from and above the amount of the incumbrances thereon at the time of the testator's death; that the executors did not receive and could not have received anything more than the value of the equity, and it was upon this amount that commissions were to be computed. This case was cited with approval in the *Mercantile Trust Co.* case. There substantially all of the decedent's personal estate consisted of 5,200 shares of copper stocks which had been purchased and at the time of his death were still being carried by his brokers on a margin. The executor directed the sale of these shares of stock to pay for the testator's indebtedness to the brokers and, after such sale, there remained 500 shares upon which the brokers did not have a lien. We held that commissions were to be computed only upon the 500 shares; in other words, that commissions were to be computed only on the equity which the testator had in the stock at the time of his death. That rule is applicable here and was properly applied.

The judgment appealed from should, therefore, be affirmed, with costs.

HISCOCK, Ch. J., POUND, CRANE, ANDREWS and LEHMAN, JJ., concur; CARDOZO, J., absent.

Judgment affirmed.