In the Matter of the Estate of EDGAR MILLS, Deceased.

Surrogate's Court, New York County, July 19, 1932.

*William H. Thitchener*, for the petitioners.

*Greene & Hurd*, for Duncan C. Pell, Jr., legatee.

*William J. O'Shea, Jr.*, special guardian for Ian M. Brackenbery and another, infants.

O'BRIEN, S. This is an accounting by the executors of the decedent's estate to which objections have been filed by the special guardian.

1. The seventh paragraph of the testator's will disposed of his residuary estate. By the provisions of that paragraph he directed his residuary estate to be divided into as many equal parts as there should be children of his sister, Florence A. Mills Brackénbery, by her husband, Henry Langton Brackenbery, living at the time of his death. To those children who had attained the age of twenty-five the bequest of an equal part of the residue was absolute. The shares of those children who had not yet reached the age of twenty-five years were given to trustees in trust to pay the income to such children of his sister until they attained the age of twenty-five years. At the time of his death his sister had five children. Two of these were over twenty-five years of age, and three had not yet become twenty-five. The executors in their accounting seek to distribute the residuary estate both principal and income one-fifth equally to the children of the testator's sister. The special guardian objects to this distribution. This objection must be sustained. The testator having died before the enactment of new section 17-b of the Personal Property Law, the residuary estate must be computed and distributed as set forth in *Matter of Lord* (134 Misc. 198; affd., 228 App. Div. 771).

2. The second objection filed by the special guardian is overruled. The personal claim of one of the executors was proved before me and the payments made on account thereof are confirmed.

3. The third objection is withdrawn.

4. During his lifetime the testator made loans secured by collateral. These loans amounted to the sum of $364,129.96, with interest. On the payment of these loans by the executors the collateral was returned to them. They claim commissions on the total value of the collateral. The special guardian objects to this allowance of commissions, and contends that commissions should only be allowed on the value of the collateral in excess of the loans paid off. This objection of the special guardian is sustained. (*Farmers' Loan & Trust Co.* v. *Turner*, 242 N. Y. 240.) In that case the Court of Appeals held that the trustees were entitled to commissions only on the testator's equity in the real or personal property received or paid out. In the present case the collateral hypothecated by the testator to secure the loan could, in default of payment, have been sold by the pledgees had the loan not been paid. The situation here is analogous to those presented by mortgaged real property or stocks held in a margin account. In such instances commissions are allowed on the equity owned by the decedent.

I hold, therefore, that the executors are entitled to commissions only on the equity remaining in the hypothecated securities at the time of payment of the loan.

5. The fifth or supplemental objection filed by the special guardian is overruled. One of the executors was appointed ancillary executor in California. He accounted in the California courts and turned over to himself and the other domiciliary executors the balance of the estate set forth in the California decree. That decree allowed him commissions on the estate accounted for in California. The special guardian objects to the allowance of commissions to the one executor who acted as ancillary executor on the funds received from California and accounted for in this jurisdiction. The provision of section 285 of the Surrogate's Court Act has to do with the allowance of commissions to executors, administrators, guardians or trustees appointed by this court. That section does not preclude the allowance of commissions to the executor who has already been allowed commissions in a foreign State as ancillary executor. He acted in two separate and distinct capacities. The only instance in which commissions are not allowed to a person who acts in two capacities is that of a temporary administrator who later becomes an executor. The statutory prohibition against double commissions does not run to any other situation. Double commissions are allowed under section 285 of the Surrogate's Court Act in a proper case to an executor who also acts as trustee.

Mr. Harrington acted under the authority of this court in but one capacity, that is, as an executor, and as such executor he is entitled under section 285 of the Surrogate's Court Act to commissions on the estate accounted for in that capacity. Settle decree on one day's notice.