In the Matter of the Estate of Evert McCabe, Deceased.

Surrogate's Court, New York County, January 11, 1935.

Proceeding on accounting involving construction of will.

*Colahan & Stanley*, for the executor.

*Schlesinger & Schlesinger*, for the committee of the incompetent.

*Edmund J. Delany*, special guardian for infants.

Delehanty, S. Deceased's will provided a fund of $5,000 of which the income was to be paid over to a boy who was a member of deceased's household though not adopted by him. The child is nearly twelve. Up to the date of testator's death he was treated by testator as a member of his household and was sent to a private school with testator's own son. The will provides that the child

shall enjoy the benefit of the income " for and during the minority of such child but only so long as said child shall remain a member of my household and shall make his home with my family. Temporary absences from home for educational or other normal reasons shall not be deemed a violation of this condition."

Some time after the death of deceased the family household was broken up because testator's widow was adjudged an incompetent and was confined to an institution. Deceased's son was taken to California by an aunt. A daughter of deceased is married and has her own home. No provision is made therein for the beneficiary. He is now with a family in New England where he is attending school.

The court is of opinion that the plan of testator must be held to contemplate the payment of income for the benefit of this child during his entire minority unless the child himself is responsible for termination of the benefit intended for him. Nothing in the will warrants the assumption that the gift to this child was intended to lapse if, without his fault, the household which the testator contemplated was broken up. The failure to make a home with a member of decedent's family which would terminate the benefits of this gift is a failure attributable to the beneficiary. The absence of this child from home is for a " normal " reason within the meaning of testator's will. Only by so holding will the true intent and purpose of testator be carried out. Accordingly it is ruled that the child is now entitled to the benefit of the trust income and will continue so to be entitled until a household is re-established or until a member of deceased's family shall offer to the child a residence and until thereafter the child shall unreasonably absent himself therefrom for other than the reasons stated in the will to be valid.

The commissions of the executor are to be computed on the value of the collateral in its possession at the time of death less the amount of all obligations of deceased owed to it. The terms of the collateral note (submitted by the executor for the court's inspection) obviously applied to the note of $6,000 which is referred to as unsecured. By requiring a note in the form submitted the executor had obtained the right to apply the collateral to this so-called unsecured note and must deduct the amount of it before computing the balance on which commissions are payable. *Matter of Oberg* (148 Misc. 400) does not apply to the facts here disclosed. The rule applicable is established by authority. (*Farmers' Loan & Trust Co.* v. *Turner*, 242 N. Y. 240; *Matter of Mills*, 149 Misc. 389; affd., 239 App. Div. 817; affd., 263 N. Y. 574.) Submit decree construing the will and settling the account accordingly.