In the Matter of the Estate of GILBERT H. JOHNSON, Deceased.

Surrogate's Court, Bronx County, September 27, 1935.

*Gwinn & Pell*, for the petitioners.

*James J. O'Connell*, special guardian.

*Jerome F. Healy, Jr.*, for Bertha Eisele, claimant.

HENDERSON, S. This is an accounting by executors and trustees in which judicial determination is requested upon a number of matters pertaining to the estate.

(1) Paragraph third, subdivision C, of the will provides: "I give and bequeath the sum of Five hundred Dollars ($500.00) to each person in my employ as a domestic servant at the time of my death who shall have been so employed by me for a period of five years just preceding my death."

Mrs. Bertha Eisele was in the decedent's employ at the time of his death. Such employment had been continuous for five years just preceding the death. She was a laundress and did general housework including cleaning and at times cooking in the decedent's home, although she resided elsewhere. She worked by the day, coming to the house at least three times a week and frequently more often when circumstances required it. A domestic servant is a person employed to render such services in and about the employer's house which are usually necessary or desirable for the maintenance and enjoyment of the home. It is immaterial whether lodging is furnished by the employer or whether the servant lives elsewhere. The claimant is a person entitled to the $500 legacy provided in the above quoted portion of the will. Provision for the payment thereof will be directed in the decree.

(2) The decedent owed to a bank $308,000. At the date of his death the bank held stocks of the decedent having a market value of $536,938.25 which were pledged as collateral for the loan. The indebtedness was liquidated by the sale of stock pledged as collateral to the amount of $277,336.80, and the sale of other stock of the decedent not pledged to the amount of $30,663.20. Commissions are requested on the stock sold to liquidate the loan. The executors are entitled only to commissions on the value of the

hypothecated stocks in excess of the amount of the indebtedness. (*Matter of Mills*, 149 Misc. 389; affd., 239 App. Div. 817; affd., 263 N. Y. 574.) Commissions will be allowed only on the equity owned by the decedent at the time of the payment of the loan.

(3) The will created four trusts. The decedent owned 412 land shares issued by the Kensico Cemetery. These shares were distributed to the several trusts. They were issued by the cemetery pursuant to a contract which provides that one-half of the proceeds of the sale of lots in the cemetery shall be distributed to the holders of the land shares. These shares are wasting assets. The life beneficiaries desire that they be held by the trustees. The executors and trustees ask that it be decreed that the distributions in connection with such shares should be paid as income to the life beneficiaries. The special guardian contends that such moneys belong to the corpus of the estate. Both contentions are incorrect and the result in either case would be inequitable. If the distributions made by the cemetery are allocated to principal, the life beneficiaries will receive no income from a valuable capital asset; and if the *cestuis que trustent* receive all the money distributed by the cemetery on account of the shares, this capital asset will be reduced and perhaps destroyed. (*Matter of Elsner*, 210 App. Div. 575.) These shares have a market value and are bought and sold. Because of the nature of the shares, the life beneficiaries or the remaindermen might insist that they be sold. If the shares were sold and the proceeds of the sale reinvested, no injustice would result to any of the parties in interest. A similarly equitable result may be achieved by allowing interest to the life beneficiaries upon a sum equal to the present value of the land shares. They are valued by the executors and trustees in the account at twenty-five dollars per share. No objection has been made to such valuation and it will be adopted by the court. The life beneficiaries will be allowed interest at four per cent per annum upon the amount fixed as the value of the shares until further order of the court.

(4) The action of the executors in making and carrying out the settlement in connection with the estate of Arthur G. Johnson is approved. The contribution of $270.18 toward the payment of income taxes on the estate of Arthur G. Johnson in Schedule A-5, page 4, is approved.

Settle decree.