In the Matter of the Accounting of ARTHUR J. COHEN, as Executor of ARMAND SCHMOLL, Deceased.

Surrogate's Court, New York County, July 14, 1948.

*Paul, Weiss, Wharton & Garrison* for executor, petitioner.

COLLINS, S.   The decedent owned 10,827 shares of stock out of a total of 20,000 issued shares of A. S. Holding Co., Inc. Trustees under indentures of trust made by the decedent and his wife owned 7,550 shares.   One of these trustees is also the accounting executor.   The remaining 1,623 shares were owned by the daughters of the decedent.   The assets of the corporation consisted of marketable securities, cash, stock of Armand Schmoll, Inc., and loans receivable amounting to $275,955.83 of which the decedent himself owed $267,955.83. The balance was owed to the corporation by his daughters.

The decedent died on June 17, 1945.   The corporation was dissolved in December of that year.   In the liquidation of the corporation the executor received cash and securities having a value of $1,533,292.47, which represented an increase over the inventory value of the stock.   The *inter vivos* trust funds received from the corporation all of the loans receivable.   The trustees' stock was held in the name of a nominee and on December 26, 1945, the executor paid to the nominee of the trustees

the full debt of $267,955.83. The executor claimed full commissions on the value of the property received from the holding company and on the value of the property paid out on decedent's debt to the corporation. The executor subsequently amended his computation of commissions so as to eliminate 54.135% of the debt, which represented the decedent's proportionate ownership of the holding company.

The court holds that the accounting executor is not entitled to receiving or paying commissions on the sum of $267,955.83. (*Farmers' Loan & Trust Co. v. Turner*, 242 N. Y. 240; *Matter of Mercantile Trust Co.*, 210 N. Y. 83; *Matter of Mills*, 149 Misc. 389, affd. 239 App. Div. 817, affd. 263 N. Y. 574; *Matter of Dunigan*, 177 Misc. 212; *Matter of Lilienthal*, N. Y. L. J., June 12, 1943, p. 2305,. col. 5, FOLEY, S.)

In the dissolution of the corporation and the distribution of its assets among the stockholders, the debt of the decedent constituted a setoff against the cash and other assets due him. (*James v. Woodruff*, 10 Paige Ch. 541, 546, affd. 2 Denio 574; General Corporation Law, § 185.) '' It would * * * be a travesty on justice to hold that, by shifting money from one pocket and putting it into the other, such act constituted receiving and paying out within the meaning of the statute.'' (*Farmers' Loan & Trust Co. v. Turner, supra,* p. 243.) The stockholders were entitled to distribution of the surplus assets '' in accordance with their respective interests.'' (General Corporation Law, § 185.) The executor was entitled to receive the decedent's net interest. In substance that is all that he received notwithstanding the form of transactions attending the collection of the respective interests.

A corrected computation of commissions is directed to be filed. Thereafter a decree may be submitted settling the account accordingly.