Edgar F. Hazleton, S.
On July 22, 1957, upon the report of the appraiser duly appointed by this court, an order was made which fixed and determined the amount of the New York estate tax herein. The executors now seek to modify said order, asserting, among other things, that the amount of executors’ commissions deducted from the gross estate was not fully computed in arriving at the net estate subject to tax. The application is opposed by the Attorney-General, appearing in behalf of the State Tax Commission.
The executors contend that certain securities which had been pledged by decedent as collateral for two loans were procured by said executors from the pledgees and that they then proceeded *746 to sell said securities in such manner as to avoid depressing their market value, which might have been the case had the securities been sold in one block by the pledgees. It appears that the proceeds realized from the sale of the securities increased the gross value of the estate to a sum in excess of $100,000, and by reason thereof the executors claim double commissions, computed on such gross value instead of the single commission upon which the net taxable estate was initially determined.
It has been held by the courts of this State in several instances, that pledged securities to the extent only of the value of the equity over and above the indebtedness for which they served as collateral, may be considered as part of the gross estate for the purpose of computing commissions (Matter of Mercantile Trust Co., 210 N. Y. 83; Farmers’ Loan & Trust Co. v. Turner, 242 N. Y. 240; Matter of Mills, 149 Misc. 389, affd. 239 App. Div. 817, affd. 263 N. Y. 574; Matter of Johnson, 156 Misc. 689; Matter of Butterworth, 158 Misc. 477). The determinations made in these cases rested on facts which established, in essence, that either the pledged securities never came into the possession of the fiduciary, or that such pledged securities were redeemed with other funds of the estate, or that the receipt and disposition of the pledged securities by the fiduciary was a transaction in form only. The instant case, it seems to me, is not analogous. Here the executors actually obtained possession of the pledged securities without using any funds of the estate for that purpose, and received and paid out the proceeds of sale thereof after selling the same in separate lots. In addition, they affirmatively exercised their judgment in the manner of the disposition of said securities so as to best serve the interests of the estate. Under these circumstances, I feel that they have met the requirements of section 285 of the Surrogate ’s Court Act, which defines the basis for computing commissions, and are entitled to have such commissions determined on the gross value of the estate as augmented by the proceeds of sale of the securities. (Matter of Oberg, 148 Misc. 400; Matter of Hopkins, 226 App. Div. 180.)
However, the executors concede that the principal of a mortgage, together with accrued interest thereon and the real estate taxes affecting a parcel of real property owned by the estate, should be excluded in determining the gross estate, and that only the value of the equity in said real property is to be considered. The law seems clear with respect thereto, and the objection of the State Tax Commission in this regard is therefore sustained.
*747 One other item remains for disposition. There appears to be no dispute as to the facts upon which a deduction of $425, disbursed for caretaker’s services, is requested. Hence, such deduction is allowed in arriving at the net taxable estate.
Settle order on notice containing a computation of the net taxable estate in accordance with this decision, and modifying the order dated July 22, 1957, by fixing the estate tax herein on the basis of such computation.