■   In the Matter of the Estate of Samuel W. Mann, Deceased. National Commercial Bank and Trust Company, as Temporary Administrator and Executor of the Estate of Samuel W. Mann, Deceased, Respondent; Anna F. Mann et al., Appellants.— Appeal from a decree of the Surrogate's Court of Albany County, entered July 17, 1970, which settled the accounts of the temporary administrator and executor, the objections to the filed accounts having been dismissed "for failure of proof." The temporary administrator having issued a receipt for the stock accounts of decedent and it having developed that one certificate for 44 shares of Murray Corporation of America was registered in the name of Fannie Mann, it delivered the certificate for said shares to the executor of Fannie Mann, who at the time was the proponent of the within decedent's will. Objectants contend that the "release of stock in the account of Samuel W. Mann in the name of Fannie Mann under the given circumstances was an abuse of fiduciary stewardship." Although the burden is upon objectants to prove that property belonging to the decedent was not accounted for (*Matter of Farah*, 28 Misc 2d 573, 575, affd. 18 A D 2d 1052, affd. 13 N Y 2d 909; *Matter of Trescott*, 95 N. Y. S. 2d 626, 627; 4 Warren's Heaton, Surrogates' Court, § 337, par. 2, cl. [c]; 3 Harris, Estates Practice Guide [3d ed.], p. 173), they have not come forward with evidence which would indicate that the shares in question did not in fact belong to the estate of Fannie Mann. The ultimate question in the determination of the amount of fees to be paid to attorneys is what constitutes reasonable compensation for the services rendered (3 Harris, Estates Practice Guide [3d ed.], p. 326; see EPTL 11-1.1, subd. [b], cl. [23]; SCPA 2110, subd. 3). In a proper case where the employment of trial counsel is essential, the estate representatives have the power to employ them, and proper fees paid for those services will be allowed on the accounting (*Matter of Everman*, 279 App. Div. 843; 4 Warren's Heaton, Surrogates' Court, § 345, par. 4, cl. [f]). An analysis of the sparse record, which shows services performed, time expended, litigation entailed, amount involved, results obtained, the period covered, and the judicial notice taken by the Surrogate of the appearances made in his court (see *Matter of Potts*, 123 Misc. 346, 348, affd. 213 App. Div. 59, 62, affd. 241 N. Y. 593; 4 Warren's Heaton, Surrogates' Court, § 345, par. 3), and the absence of testimony on behalf of contestants to show that the amounts were excessive, lead to the conclusion that the fees awarded to the attorneys for the temporary administrator and executor were not excessive. Objectants have produced no evidence to support their contention that "the executor in dealing in its own security, without obtaining a return commensurate with the prevailing interest and/or subsequent market value of the stock was improper, imprudent and should be surcharged for the highest interim value", the stock being that of B. T. Babbitt and not that of the executor which was merely the transfer agent. Furthermore, objectants have failed to demonstrate that the executor has exercised improperly in any way its business judgment or breached its fiduciary duty to the beneficiaries in this respect. Generally speaking, in accounting proceedings, the objections should be filed on the return day of the citation (4A Warren's Heaton, Surrogates' Courts, § 379, par. 6, cl. [b]; 1 Harris, Estates Practice Guide [3d ed.], p. 225) and it was not an abuse of discretion to deny the application, made almost at the close of testimony, to amend the objections to include one that the executor had failed to take proper steps regarding an open mortgage held by decedent (cf. *Matter of Melzak*, 153 Misc. 600, 605). The contention that an attorney for a legatee of the estate should not have been permitted to participate in the trial of the objections because he had not filed objections is without merit (see SCPA 2210, subd. 7; *Matter of Hutner*, 9 Misc 2d 511).

The Surrogate properly denied the application, made at the close of the proceedings on behalf of one of the objectants, to require the executor to place $28,000 remaining in securities in her trust, since the executor's representative pointed out that there was a serious problem concerning the apportionment of taxes involving said objectant and others. The executor remained personally liable for the estate taxes until paid (U. S. Code, tit. 26, § 2002; Tax Law, § 249-bb), and it appears wiser to have held back sufficient funds to meet such obligations rather than to distribute and subsequently recollect and remarshal. Although the record is not clear or full, it would appear that the executor, then in its capacity as temporary administrator, took control of two large brokerage accounts in which securities had been pledged by decedent to secure his debts and thereafter credited itself for commissions on the full amount pledged. Only the equity in the collateral pledged by the decedent to secure his debts is to be considered in the computation of commissions (*Matter of Mercantile Trust Co.*, 210 N. Y. 83; *Matter of Enders*, 41 Misc 2d 780; *Matter of Meyer*, 119 N. Y. S. 2d 737, 753–754) and this basis would not be different if the debts secured by the collateral were paid by cash from other estate funds so as to thus redeem the collateral (*Farmers' Loan & Trust Co.* v. *Turner*, 242 N. Y. 240, 243; *Matter of Butterworth*, 158 Misc. 447, 478–479; *Matter of Mills*, 149 Misc. 389, 390–391, affd. 239 App. Div. 817, affd. 263 N. Y. 574). Decree modified, on the law, by remitting the matter to the Surrogate's Court of Albany County for recomputation of the commissions of the temporary administrator and executor consistent herewith, and, except as so modified, affirmed, with costs to all parties filing briefs payable from the estate. Staley, Jr., J. P., Cooke, Sweeney, Kane and Main, JJ., concur.