John D. Bennett, S.
In this final account the guardian ad litem for the infant respondent objects to the basis used by the fiduciary in computing its statutory commissions.
The decedent, who died on December 23,1972, in addition to leaving a substantial estate, was the income beneficiary and donee of a power of appointment over an inter vivos trust created by her predeceased husband. Her testamentary estate as reported in the account consisted of real property with a value of $149,500, including her residence which was sold, a leasehold interest and a one-half interest in another residence under construction, both of which were specifically devised. *581 Stocks aggregating $832,214.25 were made up of 5,308 shares of Avon Products, Inc. common valued at $729,850; 2,380 shares of Peabody Gallion, Inc. common valued at $101,150, and four shares and a bond of Point O’Woods Association having a value including interest on the bond of $1,214.25. Cash in four bank accounts aggregated $3,682.58 and miscellaneous property totaled $63,652.42, of which $18,982 was tangible property specifically bequeathed by testatrix.
Funeral and administration expenses paid were $283,352.20, of which $239,115.60 were payments for Federal and New York estate taxes. Claims paid were $135,529.82.
After several small cash bequests, the specific bequest of the tangible personalty and the devise of real property, decedent gave her residuary estate in trust for the benefit of several of her children with the remainder over to grandchildren.
In computing its commissions, the fiduciary failed to include the net proceeds of the decedent’s real property as the basis for computing its commissions. Conceding its error, it recomputed the commissions on the basis of net proceeds received (Matter of Hildreth, 274 App Div 611, affd 301 NY 705; Matter of Enders, 41 Misc 2d 780, affd 23 AD2d 629.
Though not shown as an asset received in schedule A, the executor included in its basis for computing its commissions, one half or $13,151.66 of the balance in a joint checking account in the name of the decedent and her daughter. In support of its position, the executor contends that this account was in fact a tenancy in common; that on audit of the Federal estate only one half of the balance of this joint account was included in the gross taxable estate, which determination should be followed by this court. The guardian ad litem contends that the inclusion of this sum for computation of commissions is improper.
Section 675 of the Banking Law specifically provides that the proceeds of a jointly-held bank account passes by operation of law to the surviving joint tenant. The jointly-held bank account is not part of the testamentary estate for any purpose, including computation of commissions.
The only reference in the account to this joint bank account is schedule K, Other Pertinent Facts. The determination of the Internal Revenue Service that only one half of the proceeds of the jointly-held bank account should be included in the decedent’s gross taxable estate is not in any way binding *582 upon this court or a determination that the account is in fact a tenancy in common.
The Internal Revenue Code (US Code, tit 26, § 2040) specifically requires the inclusion in the gross taxable estate of all jointly-held property in the name of the decedent or another except to the extent that the survivor can show that she paid a valuable consideration for her interest (emphasis supplied). It appears from the fiduciary’s account that the decedent’s daughter did contribute to the jointly-held bank account. The Internal Revenue Service’s recognition of the survivor’s contribution does not in any way change the character of the account from a joint tenancy, passing by operation of law to the survivor, to that of a tenancy in common as claimed by the fiduciary. (See Foster and Freed, Law and Family — Joint Bank Accounts and the Tax Aspects, NYLJ, Aug. 22, 1975, p 1, col 1.) The fiduciary improperly included one half of the balance of the joint bank account for $13,151.66 in the basis for the computation of its commissions.
Included as a claim paid, in schedule D, Claims Paid, is a payment to the fiduciary of $88,875 plus interest of $1,299.80 for a loan it made to the decedent. Payment was approved by the court as part of the decree granting preliminary letters to the accountant on January 11, 1973. Nowhere in the account or for that matter, the Federal estate tax return form 706, is there any indication that this was a collateralized loan for which the decedent pledged with the fiduciary 2,380 shares of Peabody Gallion common and 618 shares of Avon Products.
In computing its commissions the accountant claimed commissions on all of the decedent’s stock and not the decedent’s net equity after the deduction of the loan with interest accrued to the decedent’s death. This, the guardian ad litem contends, was improper.
In support of its position, the fiduciary in its brief contends that the shares held by it as collateral were transferred to its estate administration department. It then proceeded to cull all of the decedent’s securities determining which should be sold, selling only a small portion of the stocks held as collateral to pay the debt to it. As a result of the culling it argues that it rendered services for which it should receive commissions, citing Matter of Oberg (148 Misc 400).
This overlooks the fact that the estate owned two stock issues, which in light of the character of the assets and the claims and administration expenses to be paid, it was neces *583 sary for the accountant to sell the great bulk of the decedent’s stock. There was no need for culling since there was nothing to cull from. Again the fiduciary claims that the Internal Revenue Service allowed its computation of commissions as a deduction in the estate tax return, overlooking the fact that the return on its face gave no indication that its loan was collateralized.
The rule is that the fiduciary is entitled to commissions based upon the net equity of any collateralized loan (Matter of Mercantile Trust Co., 210 NY 83; Farmers’ Loan & Trust Co. v Turner, 242 NY 240; Matter of Enders, supra; Matter of Johnson, 156 Misc 689; Matter of Mills, 149 Misc 389, affd 239 App Div 817, affd 263 NY 574). In Matter of Mann (41 AD 2d 861, 862), the most recent appellate decision, the court stated: “Only the equity in the collateral pledged by the decedent to secure his debts is to be considered in the computation of commissions (Matter of Mercantile Trust Co., 210 NY 83; Matter of Enders, 41 Misc 2d 780; Matter of Meyer, 119 NYS2d 737, 753-754) and this basis would not be different if the debts secured by the collateral were paid by cash from other estate funds so as to thus redeem the collateral (Farmers’ Loan & Trust Co. v Turner, 242 NY 240, 243; Matter of Butterworth, 158 Misc 447, 478-479; Matter of Mills, 149 Misc 389, 390-391, affd 239 App Div 817, affd 263 NY 574).”
The fiduciary is therefore directed to recompute the commissions in accordance with the provisions of this decision.