John D. Bennett, J.
This is an application for the reargument of decision dated September 9, 1975 (82 Misc 2d 580) and the resettlement of the decree dated September 22, 1975 settling the executor’s account.
In its decision, the court denied the executor the right to include in its base for computation of commissions, one half on $13,151.66 of the balance of a joint checking account in the name of the decedent and her daughter and the full value of the securities held by the executor as collateral for a loan it made to the decedent during her lifetime instead of the net equity of the collaterized loan.
The fiduciary’s attorney, in his affidavit in support of this application, alleges that the decedent’s daughter, the surviving joint tenant, acknowledged that the joint account was a convenience account to which the estate was entitled to one half as the equivalent of a tenancy in common. The citation herein does not indicate that the decedent’s daughter or any of the interested parties were made aware of the statement contained in schedule K of the account that the estate was entitled to one half of the joint checking account. Neither the statement of the fiduciary nor the statement of counsel are in any way binding upon the decedent’s daughter. In the absence of any evidence or consent as to the nature of the account the court cannot make any determination as to whether the decedent was in fact entitled to one half of the account. Counsel can, if he so desires, submit a statement from decedent’s daughter acknowledging that the joint checking account was a convenience account to which the estate was entitled to one half of the balance at the date of the decedent’s death. Such statement should be submitted within 15 days from the date of this decision. To that extent the motion to reargue is granted.
As to the basis for computation of commissions upon the collaterized loan, the motion to reargue is granted and upon reargument, the court adheres to its original decision.