OPINION OF THE COURT
C. Raymond Radican, J.
In this accounting proceeding, two questions have arisen concerning the computation of the executors’ commissions. Ordinarily commissions are determined on the law and not on special commission provisions under a will. Whether the decedent ever fully envisioned the impact of a special commission provision is not before the court as the will has long since been probated. Since a special commission provision was provided for under the will, it requires construction and departure from the normal rules concerning commissions.
The decedent’s will provides in part: “Each Executor shall be entitled to one full commission computed under the Law of the State of New York in effect at the time of my death on all real and personal property (other than property held by me in joint tenancy) whether or not specifically devised or bequeathed. Commissions shall be computed on the gross fair market value of the property without regard to any lien or charges against it.”
At the time of his death, the decedent, Gustav Henning, was indebted to one of the executors, First National City Bank (now Citibank) for $200,000 on a loan which was secured by a lien on certain securities. By order dated *749 September 7,1971, the Surrogate authorized the executors to pay $200,000 with interest in the amount of $4,420.76 to the First National City Bank and directed the bank to surrender the collateral. The executors now seek commissions on the full value of the securities.
Generally, only the equity in collateral pledged by a decedent to secure his debts is to be considered in the computations of commissions (Matter of Meyer, 119 NYS2d 737). Commissions are not computed on the total value of securities pledged as collateral for loan but only upon the value of the collateral above the amount of the debt (Matter of Mills, 149 Misc 389, affd 239 App Div 817, affd 263 NY 574).
In the present case, however, the will provides for the payment of commissions on property without regard to any liens. None of the beneficiaries has contested the payment of commissions on the full value nor has any beneficiary suggested that the testator did not comprehend the meaning of this provision of the will. Accordingly, the court finds that the executors are entitled to commissions on the full value of the securities plus the sums paid out to the bank.
An additional question has arisen concerning the computation of commissions on sums owed to the decedent by his son. The account states that at the time of the decedent’s death, his son Gustav E. Henning was indebted to him in the amount of $200,000. The decedent’s will provides: “In the event my son, gustav e. henning, is indebted to me at the time of my death, I release and discharge him from such debt except as to the amount of the estate and inheritance taxes as may be occasioned by the inclusion of such debt in my taxable estate.”
The executors take the position that the forgiveness of the debt constitutes a specific bequest, and that under the terms of the will they are entitled to commissions on specific bequests.
Generally, where an indebtedness is canceled by a testator by the express terms of his will, the gift is construed as a specific bequest (Van Vechten v Van Veghten, 8 Paige Ch 104; see, also, O’Neil v Cogswell, 223 Mass 364; EPTL 13-1.2).
*750 As the will in this case provides for commissions to the executors with respect to property passing as a specific bequest they are entitled to commissions on the amount of the indebtedness.