In the Matter of the Estate of ROBERT H. HORNER, Deceased.

Surrogate's Court, New York County, March 4, 1926.

**Executors and administrators — commissions — allowance made only upon equity of mortgaged real estate and upon proceeds of sale of stock owned by deceased on margin which actually comes into hands of executors — commissions awarded to executors and trustees in both capacities.**

Upon an application by executors for commissions, an allowance can be made only upon the equity of the mortgaged premises and only on the proceeds of the sale of stock owned by the decedent on margin which actually came into the possession of the executors.

A will which directs the payment of debts and legacies and then gives the residue in trust contemplates separate and distinct duties as executors and trustees and commissions should be awarded in both capacities.

APPLICATION by executors for commissions.

*Paul N. Turner*, for the petitioners.

*Murray, Hollaman & Lockwood*, for Richard G. Hollaman.

*Howard A. Butler*, special guardian.

*Ivan E. Maginn*, special guardian.

*Paul Gross*, for Grace B. Sims.

O'BRIEN, S.   Commissions will be allowed only upon the equity of the mortgaged real estate and only on the proceeds of the sale of stock owned by the deceased on margin which actually came into the hands of the executors.   (*Matter of Mercantile Trust Co.*, 210 N. Y. 83; *Matter of Wilcox*, N. Y. L. J. April 21, 1922; *Matter of Hunt*, Id. Aug. 29, 1924; *Matter of Falk*, Id. April 8, 1924.)   As the will directs the payment of debts and legacies and then gives a residue in trust it contemplates separate duties as executors and trustees and commissions will be allowed in both capacities. Compensation of special guardians fixed.   Complete decree accordingly.