In the Matter of the Judicial Settlement of the Second Intermediate Account of Proceedings of RUFUS B. COWING, JR., and Another, Executors, etc., of EMILY B. HOPKINS, Deceased, Appellants.

ARTHUR F. PIERSON and Another, Executors, etc., of FARRAND B. PIERSON, Deceased, Respondents.

First Department, May 24, 1929.

*William Bell Wait* of counsel [*Wait & Johnston,* attorneys], for the appellants.

McAVOY, J. The appellants are executors of the estate of Emily B. Hopkins, deceased, who at the time of her death was the owner of property upon which there was a mortgage of $400,000. The bond and mortgage was due in January, 1927, but there was a privilege of discharging the mortgage to the extent of not more than $100,000 per annum of the principal sum on any interest date. After the death of the testatrix, these executors paid the interest and $100,000 on account of the principal in January, 1926, and the following year, the balance becoming due, they paid $300,000 and satisfied the mortgage. Thereafter the property was sold by the executors for a sum which was paid, in part, by cash, and, in part, by the purchaser giving a purchase-money mortgage thereon, which was subsequently paid, and the real property thus becoming entirely converted into cash.

The question which the surrogate determined adversely to the executors is: Are executors' commissions payable for paying out

the sum which discharged the original mortgage on the premises at the death of the testator, in the sum of $400,000, in addition to commissions payable on the whole sum on the purchase price subsequently paid for the property?

We think that, under the statute (Surrogate's Court Act, § 285) which measures the executors' commissions by the sums of money actually received and actually paid out, such compensation is payable. The executors are given express authority by the terms of the will to pay a mortgage debt, and such sum may be included in the computation of their commissions. The property was not sold subject to the mortgage debt, nor was any part of the proceeds used to pay the mortgage debt. The entire proceeds of the real estate were actually received and accounted for by the executors, and the $400,000 paid in discharge of the mortgage, which was a lien on the property, was paid at the time that the debt it represented was due. Such payment to discharge a mortgage, under authority of the will, cannot be considered as a mere change in investment for which no commissions would lie.

The case here is not analogous to those in which the executors pay the difference between the sales price and the amount of the debt which is a lien upon the property, where commissions are allowed only on the price diminished by the amount of the debt. There the executor does not receive the whole proceeds of the sale on the mortgaged property, when there has been first deducted and applied to the payment of a mortgage lien the amount due thereon; nor does he receive the full price so that commissions may be charged thereon, where the property is sold subject to the mortgage lien, and the property is paid for by accepting the title subject to that lien. The only sum received under such conditions is the sale price less the amount represented by the lien.

The executors did actually and in fact receive and pay out the amount of the mortgage. They, therefore, come within the words of the statutory requirement that the surrogate must allow for such services for receiving and paying out all sums of money the various rates of commission prescribed for such sums.

The decree so far as appealed from should, therefore, be reversed and the executors allowed the commissions provided in the statute.

DOWLING, P. J., FINCH and PROSKAUER, JJ., concur; MERRELL, J., dissents.

Decree so far as appealed from reversed and the executors allowed the commissions provided in the statute. Settle order on notice.