## In the Matter of the Estate of SAMUEL BRANN, Deceased.

Surrogate's Court, New York County, June 21, 1933.

*Jacob S. Manheimer*, for the executor.

*Hollander & Bernheimer* [*Harry T. Zucker* of counsel], for Edgar J. Bernheimer and others.

*Gilman & Unger* [*Milton Pollack* of counsel], for Henry Clews & Co.

*Murray Bein*, special guardian for incompetent.

DELEHANTY, S. All questions arising upon the account in this proceeding have been disposed of by stipulation except the single question whether commissions for receiving the property of deceased are payable to the executors on the basis of value as of date of death or value as of the date of actual receipt by the executors. The difference in amount of commissions is slight, but both parties to the controversy are desirous that a ruling be made in respect of the principle applicable to the facts here disclosed. The question warrants consideration and decision.

Deceased died May 4, 1931, following a collapse on the street. No information was available respecting his connections or relations and as a result his burial was attended to by the public authorities. The public administrator took charge of his personal effects and among other things discovered a key to his safe deposit box in a local bank. When this box was opened decedent's will was found therein and in due course, but only after some months of delay required in locating and citing persons interested in the estate, the will was probated on September 26, 1931. Not until then did the executors take possession of the securities belonging to the estate which were in the box. Between May 4, 1931, and September 26, 1931, there had been substantial shrinkage in the value of the securities in the box.

There is no doubt that the title vested in the executors on the date of death of deceased even though they had not then qualified.

It is equally true that for the purpose of imposition of the tax upon the transfer of the property the value of the estate is determined as of the date of death and the tax imposed upon that basis only. (*Matter of Penfold,* 216 N. Y. 163.)

Argument is made by the executors that since they owned the property as of the date of death they are to be deemed entitled to commissions on the value as of that date. Their contention is sound only if there is no distinction between title and possession as far as computation of commissions is concerned. It does not follow that because title vested in the executors they had possession of the property. In *Matter of Mercantile Trust Company* (210 N. Y. 83) it was held that in respect of a margin account owned by deceased at the time of his death the executor was not entitled to commissions upon the value of the securities in the hands of the broker but only to commissions on the balance actually paid over to the executor when the account was liquidated. The principle there enunciated seems to be determinative of the present controversy. The argument of the executors here that because they had title to the securities they are to be deemed to be in possession of them is negatived by the cited case. Commissions there were denied the executor because it did not have possession. There was no dispute as to its title. Plainly title was held to be a different thing than possession in the determination of right to commissions. The court there said (p. 87): "We think the conclusion that the respondent ever had possession of so much of the testator's stocks as were sold by the brokers for the purpose of paying their claim and discharging their lien, or that it ' received and paid out ' the proceeds thereof, would result in an unwarranted subordination of facts to theory and would be wholly unjustifiable."

The executors here are asking the court to substitute theory for fact. The property in respect of which the executors rendered service was the securities which at the time they were taken into custody by the executors had a value substantially less than at decedent's death. Commissions are intended to compensate executors for services. (*Matter of Wilcox,* 125 App. Div. 152; *Matter of Bushe,* 227 N. Y. 85.) It is pure theory to say that the executors rendered services in respect of these securities antecedent the time they actually took them into their charge. Adhering to fact, it must be found that the property in respect of which services were rendered was property of the value attaching thereto when custody was first achieved.

Section 285 of the Surrogate's Court Act provides commissions for " receiving and paying out." These words are used in the statute to describe something affirmative, not the automatic accruing of title in an executor by the mere fact of death. In *Matter*

*of Hurst* (111 App. Div. 460) the court said that the possession of indicia of title to funds was not sufficient unless the funds were reduced to possession. So in *Matter of Salomon* (252 N. Y. 381) the court held that an executor would be denied commissions on real estate though the will gave power to the executors to use the real estate for the payment of legacies. In the cited case the personal property was sufficient for such payment. The power to convert the realty was never exercised, therefore. The court said (p. 384): "Even though the clause in question constituted an equitable conversion the executors have not 'received, distributed or delivered' the property either as real property or in a converted form. They performed no act in relation to it under the authority vested in them."

To the same effect is *Matter of Runk* (181 App. Div. 461). So too, Mr. Surrogate ROLLINS in *Rowland v. Morgan* (3 Dem. 289) said in relation to commissions for receiving securities: "The market value of such securities, at the time they came into the hands of the executors, must be taken as the basis." Mr. Surrogate O'BRIEN quoted with approval this statement of Mr. Surrogate ROLLINS in *Matter of Hawley* (142 Misc. 396), though the precise point here under discussion was not then before the court. The only case which has been found in any measure to support the position of the executors is *Matter of King* (122 App. Div. 354). Commissions were there allowed apparently on the theory that under the statute a temporary administrator is to have commissions on the entire estate when it is passed over to the permanent representative. The reasoning in the case seems to be wholly at variance with the cases above quoted and the result there reached seems unsound. In the ordinary case values as of date of death are used as the basis for computation of commissions. Under conditions such as now afflict the world the difference in value between date of death and date of reception may in particular instances be so substantial as to affect materially the amount payable to executors. Since that payment is intended to be compensation for services rendered, the basis of computation should be the value of the property in respect of which such service is rendered computed as of the time of rendition of service. Thereby will theory be subordinated to fact. (*Matter of Mercantile Trust Co., supra.*)

On the authority of the words of the statute (Surrogate's Court Act, § 285) and of the declarations by the Court of Appeals in the cases cited it is held that commissions payable to the executors are to be computed on the basis of the value of the securities at the date of reception by them and hence and in accordance with the stipulation made at the hearing the commissions scheduled by the executors will be reduced by $216.29.

Proceed accordingly.