In the Matter of the Accounting of JOHN M. LYON et al., as Committee of the Property of EMMA E. MERRITT, an Incompetent Person, et al., Respondents; HOWARD M. BANKS, Individually and as Administrator of the Estate of EMMA E. MERRITT, Deceased, Appellant.

Submitted April 12, 1938; decided May 24, 1938.

*Carl O. Hoffmann* and *Irving Ratner* for appellant. The real estate of the incompetent was not received, distributed or delivered pursuant to subdivision 5 of section 285 of the Surrogate's Court Act. (*Matter of Otis*, 101 N. Y. 580; *Matter of Rasmussen*, 147 Misc. Rep. 564; *Matter of Avchin*, 285 N. Y. Supp. 762; *Matter of Runk*, 181

App. Div. 461; *Matter of Salomon*, 252 N. Y. 381; *Matter of Barker*, 230 N. Y. 364; *Matter of Ludwig*, 112 Misc. Rep. 676; *Matter of McCarthy*, 145 Misc. Rep. 556; *Matter of Greer*, 123 Misc. Rep. 909; *Matter of Bartel*, 263 N. Y. Supp. 411; *Matter of Wanninger*, 120 App. Div. 273; 190 N. Y. 527; *Matter of Slater*, 137 Misc. Rep. 54.)

*Robert P. Smith* and *Arthur R. Wilcox* for John M. Lyon, as committee, et al., respondents. The committee is entitled to commissions on the value of the real estate. (*Pharis* v. *Gere*, 110 N. Y. 336; Civ. Prac. Act, § 1376; Surr. Ct. Act, § 285; *Matter of Notman*, 103 App. Div. 520; *Matter of Barker*, 230 N. Y. 364; *Farmers Loan & Trust Co.* v. *Turner*, 242 N. Y. 240; *Matter of Potter*, 106 Misc. Rep. 113.)

RIPPEY, J. Emma E. Merritt, at the age of seventy-two, was declared incompetent and John Lyon and George A. Slater were appointed committee of her person and property on June 3; 1914. They duly qualified as such and continued to act jointly as such committee until July 12, 1920, when John Lyon died and John M. Lyon, his son, was appointed in his place. The incompetent died on February 25, 1936. Decrees were entered at various times down to January 17, 1935, judicially settling the accounts of the committee, at which times allowances were made to the committee of commissions for handling her personal estate and certain allowances were made for legal services to Mr. Slater, who was an attorney, but, it is claimed, no allowances were ever made for extraordinary services performed by them outside of their general duties as committee.

Upon the death of the incompetent, John Haviland Smith and Howard M. Banks were appointed administrators of her estate. Both administrators were among her heirs. The proceedings of the committee and their accounts from the date of their last previous accounting on January 1, 1935, came on before the Supreme Court

for consideration and final judicial settlement. The committee asked for an allowance for commissions on both the real and personal estate of the incompetent and, Judge Slater, for additional compensation for " extraordinary services rendered during his term of office." Mr. Smith did not then or since make any objection to such request. Administrator Banks, however, objected to any allowance for commissions on real estate because the real estate of the incompetent was neither received, distributed nor delivered by the committee and to any allowance for extraordinary services on the ground that Judge Slater had previously been allowed on previous accountings for all additional services performed for the incompetent from the time of his appointment to December 31, 1934. The Special Term allowed commissions on the real estate but refused to grant additional compensation for services performed on the ground that " it feels it is precluded therefrom by reason of the allowances made in the prior decrees in the accountings of this committee." From the decree settling the accounts of the committee no appeal was taken by the committee, but Banks appealed from so much of the decree as allowed commissions on real estate. The Appellate Division affirmed by a divided court and Banks now brings the case here.

The sole authority for the allowance of compensation to a committee of an incompetent person is found in section 1376 of the Civil Practice Act. There it is provided that " A committee of the property is entitled to the same compensation as an executor, administrator or testamentary trustee. But in a special case where his services exceed those of an executor or administrator, the supreme court or a county court within the county may allow him such an additional compensation for such additional services as it deems just. The compensation of a committee of the person must be fixed by the court and paid by the committee of the property, if any, out of the funds

in his hands. The additional compensation authorized by this section may be allowed to the committee upon any judicial settlement." It is further provided that he may also receive commission on income, but that is not material here.

Under the provisions of section 285 of the Surrogate's Court Act, an executor or administrator is allowed *commissions only on moneys received and paid out*, but subdivision 5 of that section allows commissions on the value of real estate when " received, distributed or delivered."

The committee is a mere custodian and conservator of the real property of the incompetent. He has no right to use or dispose of it except under the direction of the court. The legal title is in the incompetent (*Matter of Otis*, 101 N. Y. 580, 585). He does not stand in the position of an executor who has the power of sale under a will or where there was of necessity, under the terms of the will, an equitable conversion. The committee neither receives, distributes nor delivers the real property of the incompetent within the meaning of those terms so used in subdivision 5 of section 285 of the Surrogate's Court Act.

The order of the Appellate Division and the decree of the Special Term, so far as appealed from, should be reversed, without costs.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur; CRANE, Ch. J., taking no part.

Ordered accordingly.