In the Matter of the Estate of WILLIAM F. SCHNEIDER, Deceased.

Surrogate's Court, Franklin County, May 23, 1939.

**254**

*Mattuck & Mattuck,* for Blanche Schneider and Marie Frances Schneider.

*Allen & McClary,* for the Peoples Trust Company of Malone, as executor and trustee.

CAREY, S.   In this proceeding the only question to be determined is the question of whether or not the trustee, Peoples Trust Company of Malone, New York, is entitled to commissions as such, having received previous commissions as executor. Marie Frances Schneider, beneficiary under the last will and testament of the deceased, opposes the granting of commissions to said trust company. In this connection it appears advisable to consider the provisions of the will itself which, after directing payment of the debts and funeral expenses by paragraph first, and after making two specific legacies by paragraphs second and third respectively, reads as follows:

"*Fourth.* I give, devise and bequeath to my daughter, Marie Frances Schneider, my three-stone diamond ring, to be held in trust, however, by my trustee hereinafter named until she shall arrive at the age of twenty-one years.

"*Fifth.* I give, devise and bequeath to my beloved wife, Blanche Kohner Schneider, in lieu of all dower rights and other interests in my property, one diamond stick pin, gold tie clasp, gold tooth-pick, and gold and green pair of cuff links, also one-third of all the personal property that I die seized or possessed of and of whatsoever kind and nature and wheresoever situate, to be hers absolutely.

"*Sixth.* I give, devise and bequeath all the rest, residue and remainder of my property of whatsoever kind and wheresoever situate to my Trustee hereinafter named, in trust, however, to be by them invested and the income therefrom to be expended for the support, maintenance and education of my daughter, Marie Frances Schneider, during her minority, and when my said daughter shall arrive at twenty-one years of age, the corpus of said Trust Fund to be given and paid to her, and to become hers absolutely.

"*Lastly,* I hereby appoint Malone Trust Company, of Malone, New York, as Trustee and executor of this, my Last Will and Testament: hereby revoking all former wills by me made."

On May 6, 1925, the Peoples Trust Company of Malone, New York, as executor of the estate of William F. Schneider, had a judicial settlement of its account as such executor.   A decree was entered awarding it commissions as executor in the amount of $248.57, and among other things it directed that it pay the sum of $3,846.10 to Peoples Trust Company as trustee.   On May 6, 1925, by another decree, the Peoples Trust Company of Malone, New

York, was appointed trustee, pursuant to the terms of the will of decedent, and authorized to receive, as trustee, the aforesaid sum together with accrued income and the diamond ring referred to in paragraph fourth of the said will. Subsequent to that date the Peoples Trust Company has acted as trustee and has been paid its commissions on the income earned, and now has filed its account as such trustee, and seeks a judicial settlement thereof.

The question of double commissions is a bothersome one, and one which has been for many years a source of litigation in the courts. There have been many decisions regarding this question, but none sets forth any definite rule of law which can be applied with mathematical certainty to any particular case. Rather each must depend upon the intent of the testator and upon the circumstances surrounding the particular question. One principle that runs through all cases and may be accepted as the principle of law applicable to such is stated as follows: " That the same person may be entitled to compensation as executor, and also as trustee, in respect to the same estate, or some part thereof, is undoubtedly true, but does not follow in every instance where trust duties are imposed upon an executor. Where, by the terms or true construction of the will, the two functions with their corresponding duties coexist, and run from the death of the testator to the final discharge; interwoven, inseparable and blended together, so that no point of time is fixed or contemplated in the testamentary intention at which one function should end and the other begin, double commissions or compensation in both capacities cannot be properly allowed." (*Johnson* v. *Lawrence*, 95 N. Y. 154.)

The attorneys for the beneficiary have relied to a certain extent upon the case of *McAlpine* v. *Potter* (126 N. Y. 258), which denied double commissions. This case has been distinguished by that of *Olcott* v. *Baldwin* (190 N. Y. 99), for the reason that in the *McAlpine* case (*supra*), as in *Matter of Slocum* (169 N. Y. 153), and in *Matter of Ziegler* (218 id. 544), a later case, the trust estate, as was claimed to exist, arose from a gift to the executors or trustees of the entire estate, to be held and in some of the cases invested by them, and subsequently distributed by them for the uses and purposes provided in the will. In such instances the duties as executor were coextensive with those as trustee, so that such cases logically fall within the scope of the principle enunciated in *Johnson* v. *Lawrence*. In *Matter of Ziegler* (*supra*), also, the executors accounted annually for property received by them, thus emphasizing the fact that their duties as executors never terminated until final disposition had been made by them as trustee. *Matter of Vanneck* (175 App. Div. 363)

recognizes and, in part, follows the ruling of the foregoing cases. So far as the fourth clause of the will therein considered is concerned, for which commissions were denied, because of the direction to keep the corpus invested and pay the income to a person for her life, and upon her death directing that said sum revert to and become part of the residuary estate, the court said: "It is evident that until the death of Minnie Callahan, this fund cannot be paid out or distributed except by the executors as such in the discharge of their duties under the will. The distribution is an executorial function and until this has been made the duties of the executors will not have been finally and fully completed. To the duties of the executor there is added during the life of Minnie Callahan a trust duty. This does not, however, change the character in which they hold the fund." In the same opinion the court granted double commissions to the executors for management of a fund for the benefit of the testator's son, the clause creating which provided for disposition thereof directly in accordance with a power of appointment therein contained. The court stated concerning this, " The testator has here established a trust fund, in the administration of which no executorial duties are to be performed. The executors can pay this fund over to themselves as trustees and be discharged from any liability therefor as executors."

In *Matter of Horner* (126 Misc. 772), decided by Surrogate O'Brien, the court said: "As the will directs the payment of debts and legacies and then gives a residue in trust it contemplates separate duties as executors and trustees and commissions will be allowed in both capacities."

In determining whether or not double commissions are to be allowed, it is important to look to the duties of the executor and of the trustee respectively to determine if such are coextensive and so intermeshed as would prohibit the establishment of a line of demarcation between them. It appears that the executor's duties are to reduce the assets of the decedent to his possession, pay the debts and administration expenses, legacies and make disposition of the balance. The element of disposition was the essential prerequisite; this element was lacking in the *Ziegler, McAlpine* and *Slocum* cases until the executor's duties therein as trustee had likewise terminated. The trustee, on the other hand, has the duty to manage, invest and maintain the corpus of a fund and pay over the income therefrom in accordance with the provisions of the instrument establishing the trust.

In the case at hand the trustee's duties could not commence until those as executor terminated for until such time the amount

of the corpus could not be ascertained. As evidence of this we may look to the decree settling the executor's accounts as such and directing the payment to itself as trustee, which having been approved might act in the nature of an estoppel to the beneficiary's present claim. However, without deciding the question of estoppel, it appears in the instant case that the line of demarcation between the trust company's duties as executor and as trustee can be ascertained, and by a decree of this court has been recognized. Here, unlike the situation in *Matter of Slocum*, in *Matter of Ziegler* and in *McAlpine* v. *Potter* (*supra*), three of the leading authorities against granting double commissions, the duties of the two offices are not coextensive in that the Peoples Trust Company, as executor, could not have accounted for its acts as executor prior to the creation and establishment of the trust, for which it now accounts, and in connection with it, seeks its commissions. Accordingly then, it appears that its duties are separable and distinct, and commissions in both capacities may be allowed.

Submit decree in accordance therewith.