In the Matter of the Estate of WILLIAM B. PRITCHARD, Deceased.

Surrogate's Court, New York County, August 15, 1939.

*Wise, Whitney & Canfield* [*Byrd D. Wise* of counsel], for the executors and trustees.

*Mitchell, Taylor, Capron & Marsh,* for the City Bank Farmers Trust Company, trustee.

*Harry Harris,* special guardian for infants.

DELEHANTY, S.  A dispute has arisen as to the computation of the trustees' commissions.   Their Schedule K shows that they claim commissions on the proceeds of the sale of realty.   They deduct from the gross sales proceeds only taxes and interest which had accrued at the date of death.   The special guardian objects to this procedure and contends that since other taxes, water charges and interest accrued and became burdens upon the property after death there must be excluded from the gross proceeds of sale all taxes, water charges and interest due at the date of death and accruing thereafter and in addition all the costs of the sale in the nature of broker's commissions and the like.   The difference between these bases of computation is a substantial difference.

The cases say that the equity of redemption only is the basis for computing commissions claimed on realty which is subject to incumbrances.   (*Matter of Horner,* 126 Misc. 772, O'BRIEN, S., and the Law Journal cases there cited; *Farmers' Loan & Trust Co.* v. *Turner,* 242 N. Y. 240; *Matter of Farrington,* 149 Misc. 691; *Matter of Mills,* Id. 389; affd., 239 App. Div. 817; affd., 263 N. Y. 574; and see note, 46 A. L. R. 239.)   These cases do not define the phrase " equity of redemption."   The position taken by the trustees

indicates of course that they believe that it means the appraised value as of death less incumbrances accrued as of that date. The court is of the view that the equity of redemption must necessarily be regarded as the fluctuating figure which envisages the changes from time to time in the underlying burdens on the property. While no case has been found by court or counsel which explicitly states this to be the true meaning, the court believes that such a definition is implicit in the authorities. A leading case dealing with pledged securities is in point here. (*Matter of Mercantile Trust Co.*, 210 N. Y. 83.) In the cited case the deceased's personal estate consisted of 5,200 shares of stock in a margin account. During a temporary administration of the estate various lots of these shares were disposed of at prices approximating the value as of date of death. Later additional shares were sold in a declining market at prices much below the original appraised value. When the account was finally liquidated only 500 shares remained for actual delivery to the fiduciary. The court held that the fiduciary had no possession of the shares until the debt was fully discharged and held that commissions could be computed only on the securities which were wholly freed from the broker's lien. The opinion states that any other decision " would result in an unwarranted subordination of facts to theory and would be wholly unjustifiable " (p. 87).

It is pertinent here to note that subdivision 5 of section 285 of the Surrogate's Court Act provides that in the computation of commissions the value of any real or personal property is to be determined in such manner as the surrogate may direct. Manifestly the court is empowered by this text to hold that in this particular case the basis for computing trustees' commissions is the cash actually realized by them after deduction from the gross proceeds of *all* taxes, water charges, interest and costs of sale. That is all the cash that the trustees ever had or ever could have had out of the property. That sum represents the actual " equity of redemption " which they had for sale. Thus theory is subordinated to fact. (Compare *Matter of Brann*, 148 Misc. 310.)

The commissions are to be computed as herein directed. Submit. on notice, decree accordingly.