JEROME SCHWARTZ, Infant, by His Guardian ad Litem, DAVID M. SCHWARTZ, and DAVID M. SCHWARTZ, Individually, Plaintiffs, *v.* REBECCA KUTSHER and Another, etc., Defendants.

Supreme Court, Special Term, Bronx County, July 23, 1941.

*David M. Schwartz,* for the guardian.

EDER, J.  This is an *ex parte* application by a guardian *ad litem* for permission to withdraw from a savings bank the balance in his account as such guardian, and that he be authorized to purchase with said sum United States Defense Savings Bonds to be registered in his name as guardian for the infant, and to hold the said bonds in safe keeping for the benefit of the infant subject to the further order of the court.

The application is a commendable one, motivated by patriotism, and is to be encouraged if the power is resident in the court to grant the order.  The instant application is one of many being presented, and because of this the court deems it essential to consider the matter at some length.

The disposition of the proceeds of an infant's or an incompetent's cause of action for personal injuries is, in this State, governed and controlled by statute, section 980-a of the Civil Practice Act, and so far as here relevant it provides that " *   *   * all such proceeds shall be deposited in the name of such guardian or committee, subject to the order of the court, with such bank, savings bank, trust company, industrial bank or safe deposit company as shall be designated in such order, and shall be withdrawn or removed only on the order of the court."

By chapter 752 of the Laws of 1940 the statute was amended providing that the court, in its discretion, may order the proceeds invested in the shares of a Federal savings and loan association under the Home Owners' Loan Act of 1933, as amended, and in shares of

a savings and loan association organized under the laws of this State, and providing that such investment shall be withdrawn or repurchased only on the order of the court.

Aside from the fact that the investment sought to be authorized is for a highly laudable purpose, there is the further fact that the return on such an investment is higher than that obtained by the interest paid by a savings bank, and it is the duty of the guardian to put the property of his ward where it is safe and will yield the larger return.

There is, however, an insurmountable obstacle which prevents granting the order sought, and that is that the Legislature has expressly limited, as shown, the manner in which the funds of the infant or incompetent shall be disposed of. The court is without power to alter or change the character of the disposition of the funds of the ward, however much it may approve of the change of the type of investment petitioned for.

The general rule is that where there is no express statutory restriction, and when the change is manifestly for the advantage of the infant, the guardian may change the property of his ward to put it at greater yield. When, however, the statute explicitly fixes the manner of disposition of the property of the ward, that course must be followed. The remedy to obtain the change is through legislative action only. It would appear that the statute should be amended to authorize application of such property to the purchase of such bonds, enabling it to serve the worthy two-fold purpose of aiding the national defense and returning a higher yield to the infant.

Under the circumstances, and for lack of power to grant the order sought, I am constrained to deny the request.