In the Matter of the Estate of JOHN COLLINS, Deceased.

Surrogate's Court, Delaware County, September 13, 1941

*Ray T. Hackett*, for the executrices.

*H. C. & V. D. Stratton*, for Nellie Herrick, legatee.

*Arthur F. Curtis*, for Grace Farrell, legatee.

O'CONNOR, S. The legatees, Nellie Herrick and Grace Farrell, have asked for a construction of the eleventh paragraph of the will of John Collins, which reads as follows: " *Eleventh*. All the rest residue and remainder of my property and estate, as well real as personal, of whatsoever kind and nature and wheresoever situate, which at the time of my death shall belong to me or be subject to my disposal by will, I hereby give devise and bequeath unto my beloved nieces, Mary Shanley Clark, and Anna Shanley, and my beloved sisters, Mrs. Julia Shanley and Mrs. Mary Farrell, the survivor or survivors of them, share and share alike, to be theirs absolutely and forever."

The testator died a resident of the town of Hancock, Delaware county, N. Y., on the 5th day of October, 1940, leaving said will and testament bearing date the 3d day of April, 1922, and a codicil thereto dated March 22, 1934. The said will and codicil were duly admitted to probate December 9, 1940. The will disposes of approximately $12,560 in general legacies. The final accounting of the executrices, Mary Shanley Clark and Julia Shanley Kelly, has been

made and distribution is awaiting the construction of the will. By the codicil he added a paragraph to his last will and testament whereby he bequeathed to his beloved niece, Nellie Herrick, the sum of $1,000, and further modified his will by appointing his niece, Nellie Herrick, executrix of his will with Mary Shanley Clark and Julia Shanley, who were the executrices named in his original will before the above-named codicil was added thereto.

Mrs. Mary Farrell, one of the legatees named in the eleventh clause of the will of the testator, predeceased the testator, and the other residuary legatees named in the eleventh paragraph of the will, viz., Mary Shanley Clark, Anna Shanley and Julia Shanley, survived the testator. Mary Farrell left her surviving three children, Grace Farrell, Julia Farrell and Nellie Herrick.

It is the contention of the children of Mary Farrell that the words " the survivor or survivors of them " should be interpreted to mean that the children of Mary Farrell, who predeceased testator, should take the share that Mary Farrell would have taken had she survived him. In other words, that the words " survivor or survivors " meant the children of any of the sisters or nieces who should predecease the testator, by virtue of section 29 of the Decedent Estate Law, which provides as follows:

" Devise or bequest to child or descendant, or to a brother or sister of the testator not to lapse. Whenever any estate, real or personal, shall be devised or bequeathed to a child or other descendant of the testator, or to a brother or sister of the testator, and such legatee or devisee shall die during the lifetime of the testator, leaving a child or other descendant who shall survive such testator, such devise or legacy shall not lapse, but the property so devised or bequeathed shall vest in the surviving child or other descendant of the legatee or devisee, as if such legatee or devisee had survived the testator and had died intestate."

In all matters where the construction of a will is involved, so far as it is possible the intent of the testator must govern, and it is the duty of the court to so construe the will as to carry out his intention. Had the testator omitted the words " the survivor or survivors of them," under the eleventh paragraph of the will there would be no question that the children of Mary Farrell would be entitled to receive the share of the residuary estate bequeathed to Mary Farrell by the eleventh paragraph of the testator's will by virtue of section 29 of the Decedent Estate Law. However, the testator did use the words " the survivor or survivors of them " and we can find no authority whatever for construing these words as meaning the children of any of the persons named in the eleventh paragraph in case of their death prior to that of the testator. It seems to us

that *Matter of Northrip* (258 App. Div. 71; affd., 282 N. Y. 797) is decisive of the question at issue. In that case the testator created a trust for the benefit of his son, Herbert R. Northrip, during his lifetime and provided upon the latter's death, " I give and bequeath the principal thereof, together with any accumulated interest thereon, unto Henry C. Northrip and Pearl Northrip, two of the children of said Herbert R. Northrip, or unto the survivor of them." The testator was survived by his son, the life beneficiary, but both the remaindermen predeceased the testator. Henry C. Northrip, the grandson, left him surviving three children. Pearl D. Northrip died without issue. The children of Henry C. Northrip claimed they were entitled to the share which the father would have taken had he survived the testator. The residuary legatees named in the will claimed they were entitled to the trust fund. It was there held that section 29 of the Decedent Estate Law could not be invoked to substitute the children of Henry C. Northrip, in view of the intention of the testator that the remainder should fall if the contingency of survivorship was not fulfilled, and that the legacy to Herbert C. Northrip passed under the residuary clause. To the same effect is *Matter of Neydorff* (193 App. Div. 531), where the testator gave specific legacies to brother, sisters, children and grandchildren and then gave the whole residuary estate, " including lapsed legacies," to a niece. It was there held that the share of a specific legatee, who died before the testator, lapsed and his legacy would not go to his descendants under section 29 of the Decedent Estate Law but went to a niece under the residuary clause. (See, also, *Bryer* v. *Finnen*, 178 App. Div. 671.)

That the testator added a codicil to his will giving a specific bequest of $1,000 to Nellie Herrick, a daughter of Mary Farrell, and also appointing her one of the executrices of the will, does not alter the situation. By adding the codicil he may have manifested a particular affection for Nellie Herrick, his niece, but if he had wanted her to take the share which he gave her mother in the eleventh paragraph of his will he could very easily, and naturally would, have made such a provision in his codicil.

In all the cases which have held that the children of a specific legatee are entitled to take the share of the legatee or devisee dying during the lifetime of the testator leaving a child or other descendant, who shall have survived such testator, there has been no manifest intention on the part of the decedent expressed in his will that the share of such legatee or devisee should be otherwise disposed of. Here the testator specifically bequeathed the residue of his estate to his two nieces and two sisters and the survivor or survivors of them. This was a manifest intention on the part of the decedent

that in case of the death of any of his said nieces or sisters during his lifetime, the residuary estate should be divided among the nieces and sisters who were living at his death. To construe these words as meaning the children of Mary Farrell, who predeceased the testator, would be doing violence to the manifest intent of the testator.

Mary Farrell having predeceased the testator, his residuary estate should be divided among his nieces and sister surviving him, viz., Mary Shanley Clark, Anna Shanley and Julia Shanley.

A decree may be entered accordingly.