In the Matter of the Estate of KATIE McKEON, Deceased.

Surrogate's Court, New York County, January 13, 1944.

*Ryan, Cassin & Barry* for Edward R. McKeon and another, petitioners.

*Michael J. Mahoney, Jr.,* for Leo T. McCauley, Consul General of Ireland, attorney in fact for Catherine Smith, respondent.

*Kathryn A. Wendel,* special guardian for Margaret M. McKeon and another, infants, Raymond McKeon, an incompetent, and James Russell and another, persons in the military service of the United States.

FOLEY, S. The questions raised in this proceeding for the judicial settlement of the account of the executors are disposed of as follows:

(1) The Surrogate holds that the legacies to Annie Doughty, under the fourth paragraph of the will and the sixth paragraph of the codicil, lapsed by reason of the death of the legatee prior to that of the testatrix. Section 29 of the Decedent Estate Law may not be invoked to substitute the child of the named legatee since the testatrix clearly expressed in her will her intent that the child of the legatee was to take no part of her estate. (*Pimel* v. *Betjemann,* 183 N. Y. 194; *Matter of Neydorff,* 193 App. Div. 531; *Matter of Northrip,* 258 App. Div. 71; *Matter of Agrella,* 175 Misc. 456; *Matter of Collins,* 177 Misc. 80; *In Re Loeb's Estate,* 34 N. Y. S. 2d 65.)

The testatrix executed her will on July 20, 1939, and a codicil on July 23, 1940. In her will she bequeathed the sum of five hundred dollars to her sister, Annie Doughty, and in the codicil she gave one half of her residuary estate to her. Annie Doughty died September 19, 1940, survived by one child, Catherine Doughty Smith. The testatrix died one month later, October 22, 1940.

In the third paragraph of her will the testatrix had made a conditional bequest of one hundred dollars to Catherine Smith, **her** niece. The codicil revoked this legacy in the following

language:" I hereby annul and revoke the conditional bequest and legacy of One hundred ($100) Dollars to my niece, Catherine Doughty Smith, * * * and *I hereby declare and direct that my said niece shall receive no part of my estate.*" (Italics mine.)

The executors and the special guardian contend that the legacies to Annie Doughty have lapsed and pass as intestate property to the distributees of the testatrix. Catherine Doughty Smith, on the other hand, urges that she was substituted as a statutory legatee by the provisions of section 29 of the Decedent Estate Law and that the terms of the will do not preclude the application of that statute.

The purpose of section 29 was to modify the common-law rule that a legacy lapsed when the legatee died before the testator. It changed the rule in a case where the legatee was in the specified class of close relationship to the testator and in such case provided for the substitution of the descendants of the legatee as the recipients of the gift. The statute was not intended to nullify the right of the testator to select the objects of his bounty and to specify the conditions and limitations upon any legacy. (*Pimel* v. *Betjemann, supra; Matter of Neydorff, supra; Matter of Agrella, supra; Matter of Loeb, supra.*) " It was assumed that in making a gift to a parent the testator contemplated the benefit of such parent's children, in the absence of a contrary purpose being expressed, and the common law was modified to this extent in the case of gifts to the descendants of the testator or to his brothers and sisters. In other words, where the testator was providing for his immediate family — his brothers and sisters or his descendants — the Legislature presumed, in the absence of other provision, that the testator intended the gift to remain in the family of the brother or sister or his own descendants, and to this extent only is the common law limited." (*Matter of Neydorff,* 193 App. Div. 531, 533, *supra.*)

The testatrix here clearly revealed her intent that the child of her sister was not to be substituted as legatee in the event that her sister predeceased her. In plain and unmistakable terms, she effectively revoked the conditional bequest to her niece. Her direction was sufficient to cancel the only legacy made for her niece in the will. The testatrix was not content to stop there; she went further in a clear declaration and direction that her niece was to receive " no part of my estate." Substitution of her niece as legatee in place of her sister was excluded by the mandate of the testatrix. (*Matter of Loeb,* 34 N. Y. S. 2d 65, *supra.*)

The legacies to Annie Doughty having lapsed, the sum bequeathed under the fourth paragraph of the will falls into the residue and her share of the residuary estate lapses by reason of death and passes as intestate property to the distributees of the testatrix. (*Hard et al.* v. *Ashley et al.,* 117 N. Y. 606, 616.)

(2) The terms of the will quoted above, however, are ineffective to exclude Catherine Doughty Smith from receiving her share of the intestate property in her status as a distributee of the testatrix. (*Gallagher et al.* v. *Crooks et al.,* 132 N. Y. 338, 342; *Matter of Trumble,* 199 N. Y. 454.) In order to cut off the right of a distributee to inherit property, there must be a valid and legal bequest or devise to other persons. Mere words of disinheritance are insufficient to effect such purpose. (*Chamberlain et al.* v. *Taylor et al.,* 105 N. Y. 185, 193; *Gallagher et al.* v. *Crooks et al., supra; Pomroy* v. *Hincks,* 180 N. Y. 73, 75; *Matter of Trumble, supra.* In the pending proceeding the testatrix failed to make a valid, alternative gift of the property, and accordingly it passes under our Statute of Distribution. (Decedent Estate Law, § 83.)

(3) The objection by the special guardian to the charge against the general estate assets of the expenses of sale and the carrying charges of the specified real property, is sustained. The testatrix directed that this parcel of realty be sold as soon as a fair and reasonable price could be obtained. She bequeathed " the proceeds or monies realized upon the sale of my aforesaid premises ", one half to her brother and the other half in specific amounts to named individuals.

The question is academic in respect of the bequest of the second half of the proceeds since the bequests to the individuals were in specific amounts and in case of a deficiency the executors were directed to pay the pecuniary legacies out of the residuary estate. The aggregate of these pecuniary legacies exceeds one half of the gross proceeds of the sale. The question is of significance only in respect of the bequest of one half of the proceeds to her brother.

It was clearly the intent and purpose of the testatrix to bequeath only the net proceeds of the sale after the deduction of the carrying charges and the expenses of sale. (*Matter of Mitchell,* 61 Hun 372.) The Surrogate accordingly holds that the gift of one half of the proceeds of sale of the realty carries with it only the net proceeds. There must be deducted the expense of carrying the property to the time of sale and the expenses of the sale.

(4) The personal claim of the coexecutor is allowed in the amount requested.

(5) The legacy and distributive share of Margaret Mary McKeon and Virginia McKeon may be paid to the mother of such infants for the benefit of the respective infants provided that the total share of each infant does not exceed the sum of three hundred dollars. (Surrogate's Ct. Act, § 271.)

(6) The compensation of the attorneys for the executors is fixed and allowed in the amount requested by them.

(7) The commissions of the executors have been improperly computed in the account. The receiving and paying commissions on the real estate, which was sold by the executors, should be based upon the net amount of cash actually realized upon the sale after the payment of all proper charges and expenses. (*Matter of Pritchard,* 172 Misc. 385.) The revenue derived from estate assets was not true income but should be treated as part of principal. The commissions on revenue, therefore, should be computed in the bracket of percentage rates at which the computation of principal commissions was terminated. (Dodge and Sullivan on Estate Administration and Accounting, p. 532.)

An amended schedule setting forth corrected computation of commissions is directed to be filed on or before January 21, 1944.

Thereafter, a decree may be submitted on notice construing the will and settling the account accordingly.