In the Matter of the Accounting of NOAH L. BRAUNSTEIN, as Committee of the Person and Property of JAMES LUKA, an Incompetent Person, Respondent. EDGAR P. FEELEY, as Executor of JAMES LUKA, Deceased, Appellant.

First Department, April 13, 1965.

*Edgar P. Feeley,* appellant in person.

*Noah L. Braunstein,* respondent in person.

*Per Curiam.* The compensation of a committee of the property of an incompetent is fixed in section 109 of the Mental Hygiene Law (formerly Civ. Prac. Act, § 1376) '' at the same rates as that of an executor or administrator.'' The rates of commissions of an executor or administrator are provided for in section 285 of the Surrogate's Court Act. A committee may also be allowed such additional compensation as to the court may be deemed just, where, in a special case, a committee's services exceed those of an executor or administrator. (Mental Hygiene Law, § 109, subd. [1].)

This appeal concerns itself with the amount of commissions properly to be awarded and the granting of an additional allowance to the committee in a proceeding to settle the final account of the committee.

The committee was appointed June 19, 1963, while the incompetent — an 89-year-old man — was a patient in the Harlem Valley State Hospital at Wingdale, New York. The incompetent died on January 7, 1964.

Among the assets of the incompetent was some real estate situated in City Island, New York City. That property was sold by the committee pursuant to a judgment obtained in a proceeding under article 17 of the Real Property Actions and Proceedings Law. In that proceeding the committee, who is an attorney, was awarded $750 for his services in connection therewith.

Schedule A of the account indicates that the selling price of the property was $22,144.52. Schedule C-1 shows that two mortgages on the property were paid, and other adjustments made at the closing, which altogether totalled $15,007.65. In Schedule E of the account, the committee sought, and was allowed, commissions for receiving the $22,144.52 as well as for paying out the $15,007.65.

It was erroneous to allow commissions on that basis. A committee is a mere custodian of the real property of an incompetent

and is not entitled to commissions on the value of unsold real estate. (*Matter of Merritt*, 278 N. Y. 74.) Upon a sale of the property, commissions may be computed upon the net equity of the incompetent, that is, the sales price of the property, less any payment for incumbrances and expenses of the sale. (*Matter of Farrington*, 149 Misc. 691; *Matter of Pritchard*, 172 Misc. 385; *Matter of McKeon*, 182 Misc. 906; 6 Jessup-Redfield, Surrogates' Law and Practice, § 5297; 4 Warren's Heaton, Surrogates' Courts [6th ed.], § 419, subd. 3, par [i], p. 851.)

*Matter of Hopkins* (226 App. Div. 180) relied on by respondent, is clearly distinguishable. There, soon after the death of the decedent, the executors paid off a mortgage on real property owned by the decedent. Sometime, thereafter, the executors sold the property. No part of the proceeds of the sale was used to pay any mortgage. Thus, the executors actually received and paid out the amount of the mortgage before the sale. In *Hopkins*, this court specifically pointed out (p. 181) that the situation there was not analogous to the case where the sale and the discharge of the liens are more or less contemporaneous transactions resulting in the executor receiving only the net price after the deduction of the amounts due or paid for mortgage liens. The instant case falls in the latter category and *Hopkins* is of no aid to respondent. (Cf. 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 8003.08; *Race v. Gilbert*, 102 N. Y. 298.)

Therefore the committee's commissions on the real estate transaction should have been computed upon the basis of the receipt and disbursement of the net amount of $7,136.87 instead of the computation made in the account. As a consequence, the total commissions payable to the committee should be reduced from $972.92 to $597.78.

In our opinion, considering the size of the estate and the special services for which the committee sought an additional allowance under subdivision [1] of section 109 of the Mental Hygiene Law, and all the circumstances of the case, the additional allowance of $750 awarded by Special Term was excessive. An award of $400 would be fair and adequate and the allowance should be reduced accordingly.

The judgment should therefore be modified on the law and facts as indicated herein, and otherwise affirmed, without costs, but with the disbursements of appellant and respondent payable from the funds remaining in the hands of the committee after the adjustments ordered herein are made. Settle order.

BREITEL, J. P., VALENTE, McNALLY, STEVENS and EAGER, JJ., concur.

Judgment unanimously modified on the law and on the facts as indicated in the opinion *Per Curiam* herein, and, as so modified, affirmed, without costs, but with the disbursements of appellant and respondent payable from the funds remaining in the hands of the committee after the adjustments ordered in the opinion *Per Curiam* herein are made. Settle order on notice.