Laurence D. Wood, S.
Decedent died a resident of Onondaga County, and her last will and testament was thereafter duly admitted to probate by this court. After providing for payment of debts and funeral expenses, and making several specific and general bequests, including a specific and general bequest in favor of Anne Gray Wright, decedent disposes of the residuary of her estate under paragraph “ Thirteenth ” of her will, which together with paragraph “ Fourteenth ” are brought in question here, and are as follows:
“thibteenth: All the rest, residue and remainder of my property, both real and personal and wheresoever situate, I give, *715 devise and bequeath in equal shares to the said ajote gray weight and the said mary s. weight to be theirs absolutely and forever.”
‘‘ fourteenth : I have in mind, but for reasons best known to myself, make no provisions for my first cousins, Mary E. Denison, Henry Denison, and Daniel Denison, they constituting all of my living first cousins on both my father’s and mother’s sides of my family. ’ ’
Neither Anne Gray Wright nor Mary S. Wright, the residuary legatees named in the will, are distributees of decedent, and are not within the degree of relationship prescribed by section 29 of the Decedent Estate Law, so as to prevent the lapse of the legacy by reason of that statute. Anne Gray Wright predeceased decedent; Mary S. Wright survived decedent. Mary E. Denison, cousin of decedent, one of the persons named in paragraph “ Fourteenth” of the will, is the only surviving distributee of decedent.
Mary S. Wright, individually and as administratrix with the will annexed of the estate of decedent, brings this proceeding for a construction of the quoted paragraphs of the will, contending that by reason of the provisions of paragraph ‘1 Fourteenth ” of the will, the portion of the residuary estate devised and bequeathed to Anne Gray Wright should pass to petitioner Mary S. Wright, as surviving residuary legatee, and not to Mary E. Denison by intestacy.
The rule that there shall be no residue of a residue, although frequently criticized, has been a part of the law of this State since early times, and it would serve no useful purpose to repeat its history now. The ease of Wright v. Wright (225 N. Y. 329) is a good example of the many cases illustrating the rule. In that case Chief Judge Hisoock, referring to the criticism of the rule, held that it “ has become too firmly established to be disregarded ” (p. 341). The opinion of the Chief Judge, to which there was no dissent, defined the rule as “on failure of the intended legacy of part of the residuum, the part as to which disposition has failed will go as in case of intestacy and the residuum passing under the residuary clause will not be augmented by a 1 residue of a residue ’ ” (p. 340). The Court of Appeals there held that a lapsed residuary legacy passed by law to the heirs and next of kin of testator and not to the other residuary legatee.
The same rule has been applied by the courts of this State even in eases in which the will contains express words of disinheritance of the particular distributees claiming the lapsed legacy. (Matter of Trumble, 199 N. Y. 454; Matter of McKeon, 182 Misc. 906.)
*716 In the Matter of McKeon, Surrogate Foley held that the provision of a codicil which revoked a legacy to a named niece and provided “ I hereby declare and direct that my said niece shall receive no part of my estate ”, did not prevent the niece from sharing as distributee in a lapsed legacy.
The rule, of course, is not applied in cases in which the will itself makes an effectual disposition of the legacy which would otherwise lapse. (Oliver v. Wells, 254 N. Y. 451.)
In Oliver v. Wells, Chief Judge Cardozo writing for a unanimous court said in part (p. 457), “ There is indeed a technical rule, reluctantly enforced by the courts when tokens are not at hand to suggest an opposite intention, that a gift of ‘ a residue of a residue ’ is not to be augmented by the lapse of another gift out of the general residuum ”,
In Matter of Dammann (12 N Y 2d 500) cited by both parties in their very fine briefs, decedent by will left her residuary estate in equal parts to eight named relatives, being second and third cousins and a cousin by marriage. One of these second cousins predeceased' testatrix. The only surviving distributee was a first cousin of testatrix who resided in Germany. The will of testatrix also provided, following the residuary clause, “I am not unmindful of the fact that I have other relatives than those hereinbefore referred to * * * and have them in mind, and I have advised my executor and my attorney who has prepared this will for me that it is my desire that those herein-before mentioned shall inherit my estate, and that no part of my estate shall go to any except those hereinbefore mentioned ” (pp. 505-506). Chief Judge Desmond, in writing the majority opinion, did not attempt to overrule the decisions of Wright v. Wright (supra), or Matter of Trumble (supra) but held that the quoted words of the Dammann will amounted to a positive testamentary direction on the part of testatrix that the survivors of the residuary legatees take the whole residue.
The question thus presented to the court in this case for opinion and decision is whether or not the words of decedent’s will, “ I * * * for reasons best known to myself, make no provisions for my first cousins, Mary E. Denison ” is an expression of a testamentary intention on the part of decedent that the surviving residuary legatee should take the share of the other residuary legatee which had lapsed. In our opinion it is not. In stating that she was making no provision for her distributees, decedent was in no way expressing an intention that either of the residuary legatees, who were not related to decedent, should in any event or under any contingency receive any more or greater share of the residuary estate than the one *717 half specified by decedent in her will. Under no reading of this clause, or the will in its entirety, can we discover any indication of such an intention on the part of decedent. Conversely, the words “ I * * * make no provision for my first cousins ”, do not in our opinion have any inference or connotation of disinheritance or that decedent had any desire or intention not to benefit her cousins and distributees, but merely that she was making no provision for them by her will, and is not in any manner inconsistent with the possibility that decedent may have made, or may have desired to make, other gifts or provisions for the benefit of her cousins so as to make a testamentary benefit unnecessary, and similarly, is not inconsistent with an intention and desire that her distributees and relatives should share in any part of her estate which might pass by intestacy.
In summary we can find no “ tokens ” in the will of decedent “ to suggest an opposite intention” (Oliver v. Wells, supra), and must therefore hold that the rule of Wright v. Wright (supra) is applicable to this case.
It is therefore the finding and decision of the court that, following familiar rules, the specific and general bequest to Anne Gray Wright, by reason of her having predeceased decedent herein, fell into and became a part of the residuary estate under the will, and further that the construction and effect of the quoted provisions of the will of decedent is that the share of the residuary estate bequeathed and devised to Anne Gray Wright lapsed and passes by intestacy to Mary E. Denison, the sole surviving distributee of decedent, and that Mary S. Wright, the surviving residuary legatee, is entitled to no part thereof.