OPINION OF THE COURT
Bertram R. Gelfand, S.
These are applications to withdraw from the guardianship accounts of two infants the sum of $1,543, and $1,489 per year, respectively, in quarterly installments for the purpose of paying life insurance premiums on policies on the life of each *953 infant and the premium on a policy of insurance on the infants’ father in which the infants will be named as beneficiaries. Of the total sum requested from each infant, $505 applies to the insurance upon the life of the infants’ father and the balance in each case relates to the insurance upon the lives of the respective infants. The infants are 15 and 12 years of age respectively. Each of their estates totals approximately $22,600. The funds are from insurance and other benefits received as a result of the death of their mother. The guardian is their father with whom they reside. He earns approximately $13,000 per year, which is applied to his support and the support of the infants.
It is contended that the insurance on the father’s life is necessary to provide adequate funds for the care and support of the infants in the event of the demise of the father. It is apparent that it would not be possible for the father to pay the premiums on any substantial amount of insurance from his own assets and earnings.
Under the facts presented there appears to be some merit to the argument that insurance on the life of the guardian, payable to the infants, would be in the infants’ best interest in order to protect them during their infancy. The information submitted, including the lengthy presentation apparently prepared by the seller of the insurance, does not establish that the insurance being purchased upon the life of the infants’ father will provide the most coverage at the least cost for the limited period of the remaining years in which the infants will be dependent on their father.
In considering requests for the withdrawal of funds that are the property of infants, the court is limited by the applicable portions of SCPA 1713 to authorizing a withdrawal only if it is needed to provide for necessities or education that cannot otherwise be met by a person responsible for the infant’s support (Matter of Title Guar. & Trust Co., 242 App Div 80; Matter of Polinsky, 33 Misc 2d 1002; Leon v Walker, 1 Misc 2d 219; Gaffney v Constantine, 87 NYS2d 131). Within the framework of a "necessity”, the use of the assets of the infants to pay insurance premiums on the life of their father cannot conceivably involve insurance protection which extends beyond granting a possible protection that the infants may require during their infancy.
The portion of the application which seeks the expenditure of the infants’ funds for the purchase of insurance on *954 their lives is based upon arguments that insurance is a good savings for the infants and that it permits them to purchase insurance at a rate lower than they could obtain after attaining their majority. It is further argued that buying insurance now, protects the infants from the possibility they would not be eligible for insurance after they attain their respective majorities. This possibility is no more than a speculation unsupported by any information peculiarly applicable to the possible future uninsurability of either infant.
It is concluded that at this stage of the infants’ lives, the benefits to be accrued by them by the purchase of insurance on their own lives does not justify the expenditure of assets whose liquidity might well be required for more urgent needs during their respective infancies, including the completion of their education. Insurance on their lives does not fit into the category of a "necessity” for which their funds can be withdrawn. The possibility that either infant might not qualify for insurance upon attaining majority, or the financial advantages that accrue from insurance purchased at an early age, would not justify the court’s authorizing the purchase of the insurance as an investment. The modest estates of the infants do not suggest any appropriate investment other than deposits yielding the maximum interest available with a sensitivity to the extent that it might be advisable to keep a minimum portion of the estates liquid for possible immediate needs in a day of deposit, day of withdrawal interest bearing account.
The applications are denied without prejudice to any further applications that guardian may wish to submit with reference to insuring the life of the guardian of the infants under a policy upon which the infants are named as owners of the policy and as irrevocable beneficiaries. Any such proposed policy should be for insurance obtainable at the lowest cost for the greatest amount of insurance, and designed to yield a maximum benefit for the limited period of the infancy of each child. Such further application should reflect the relative cost of term insurance and savings bank life insurance as against any other proposal.