OPINION OF THE COURT
Millard L. Midonick, J.
A guardian of the property of an infant has requested permission of this court to withdraw the infant’s funds from a six-year time certificate and to purchase two six-month certificates of $10,000 each. Admittedly, the withdrawal will result in a penalty charge. The guardian, however argues that the transfer “will ultimately be of great benefit to [the infant] as the annual interest earned will be approximately twice that which it is currently earning.” The following discussion does not take into account the drastic downward changes for the interest rates on money market certificates which have occurred since the time of the letter request.
The issue created by this request is what duty the guardian has to the infant and his property. The New York Court of Appeals has indicated what the duty of the guardian is, to wit: “The primary duty of a guardian is to protect the estate of his ward and so manage it as to produce as large an income as is consistent with safety of investment.” (Delafield v Barret, 270 NY 43, 49.)
Lower courts have adopted these same criteria and held *154 that the guardian should make deposits on a long-term basis with a maximum return while at the same time keeping an appropriate amount of the assets readily available for possible immediate needs (Matter of Darlene, C., 96 Misc 2d 952, 954; Schwartz v Kutsher, 176 Misc 815; Matter of Marc Evans S., NYLJ, Dec. 14, 1978, p 12, col 2).
Applying these principles to the type of term deposit made by a guardian, either of the two referred to hereinabove are proper and should be employed, as would be any of the other available certificates of deposit. Neither this court nor any appellate court can question, after the fact, such a choice except if the deposit’s duration were to exceed the infant’s minority or if the time deposit were of an amount which would not leave enough assets readily available to cover known or reasonably anticipated expenses. On the other hand, the guardian would not act properly if he or she failed to take advantage of time certificates but instead left the infant’s funds in day of deposit, day of withdrawal interest bearing accounts when no need existed for the assets during the time period.
Therefore, the guardian herein made a proper choice at the time he deposited the funds in a six-year time certificate. It also would have been acceptable for him to choose the six-month certificate at that time. Now, however, to allow the guardian to withdraw the funds and to incur the penalty, with the expectation that ultimately by “rolling over” the two six-month certificates he will earn interest sufficient to overcome the penalty and in excess of the original deposit, would be mere speculation. The law is well settled that a guardian cannot use the infant’s funds for speculative purposes (Warren v Union Bank of Rochester, 157 NY 259; St. Louis Union Trust Co. v Stoffregen, 40 NYS2d 527, affd 266 App Div 832; Matter of Stumpp, 153 Misc 92). If a single six-month certificate time period could result in a greater benefit to the infant even with the penalty, then this court would encourage the guardian to act as requested. Nevertheless, such is not the situation herein (even as of the time of the request) and it is mere speculation that the interest of the six-month certificates will be as high six months later and that the interest rates of future *155 six-year certificates will be as high as those presently being paid on the infant’s funds.
Accordingly, the request is denied.