OPINION OF THE COURT
Renee R. Roth, S.
In this proceeding the court is requested to determine the compensation of a "guardian” appointed pursuant to article 81 of the Mental Hygiene Law. Article 81, entitled "Proceedings for Appointment of a Guardian for Personal Needs or Property Management”, was a recommendation of the State Law Revision Commission.
Enacted in 1992, effective April 1, 1993, the statute (L 1992, ch 698) repealed both articles 77 and 78 of the Mental Hygiene Law, which had provided respectively for the appointment of "conservators” and "committees”, to deal with the needs of incapacitated persons. Declaring that "the needs of persons with incapacities are as diverse and complex as they are unique to the individual” (§ 81.01), article 81 provides instead for the appointment of "guardians” with powers to care for both the "personal needs” and/or to "manage the property and financial affairs” of incapacitated persons (§ 81.02 [a] [1]).
Article 81 contemplates that the same guardian may be required to perform either or both functions, and separately confers upon the guardian powers with respect to "property management” (§ 81.21) and "personal needs” (§ 81.22). The powers so conferred are more extensive than those heretofore conferred by law upon "conservators” and "committees”.
As to compensation, section 81.28 (a) suggests the following: "The court shall establish, and may from time to time modify, a plan for the reasonable compensation of the guardian. The plan for compensation of the guardian may he similar to the compensation of a trustee pursuant to section two thousand three hundred nine of the Surrogate’s Court Procedure Act; however, the plan must take into account the specific authority of the guardian to provide for the personal needs and/or property management for the incapacitated person.” (Emphasis added.)
Concerning such statute, the State Law Revision Commission (reprinted in McKinney’s Cons Laws of NY, Book 34A, Mental Hygiene Law § 81.28, at 405) observed that "Compensation for the guardian must take into account both the personal and fiscal management for which the guardian is responsible. As those responsibilities change, the plan established by the *545 court for the guardian’s compensation should be modified to reflect those changes. In developing the plan for compensation, the court may consider structuring the compensation to the extent it reflects fiscal management in a manner similar to the compensation schedule for a trustee under section 2309 of the surrogate’s court procedure act.”
The comments of the Commission make clear that the court retains discretion to adopt any compensation plan it deems appropriate to the extent that the guardian exercises powers of fiscal management. It is concluded that the statute merely suggests a plan similar to the compensation allowed trustees by SCPA 2309. But, as discussed below, trustees’ commissions may not always be the appropriate standard.
In contrast, it is noted that the former statute, Mental Hygiene Law § 78.21, which dealt with the compensation of a "committee” of the property, fixed the same rate of compensation as that allowed to an "executor or administrator” (SCPA 2307). However, the statute permitted the court to allow additional compensation if the committee also acted as committee of the person. The former law governing the compensation of a "conservator”, Mental Hygiene Law § 77.27, provided no recommended rate but, customarily, "conservators” were allowed the same rate of compensation as committees.
- The recommendation that the guardian’s compensation reflects the nature of such fiduciary’s duty is valid but not fully explored in the comments of the Commission. Although trustees, administrators, executors and guardians of property all have a duty to manage property prudently for beneficiaries, there are variations in their functions and objectives.
An executor or an administrator is required to marshall assets, pay administration expenses and make distribution. Although such a fiduciary may make short-term investments, his or her main objective is to prevent waste while acting expeditiously to wind up the affairs of the estate.
A trustee, on the other hand, may make long-term investments and is required to consider the effect of the investment plan on both the income beneficiaries and the remaindermen (Matter of Goldstick, 177 AD2d 225; Matter of Stillman, 107 Misc 2d 102).
A guardian is responsible for the ward’s welfare and must manage the estate so as "to produce as large an income as is consistent with safety of investment” (Delafield v Barret, 270 NY 43, 49; Matter of Weinstein, 106 Misc 2d 153; Matter of *546 Bogle, NYLJ, Sept. 27, 1994, at 25, col 1). But a guardian often requires ready access to funds in order to properly care for his or her ward’s needs. Thus, liquidity, as well as safety, is an important investment objective. Finally, the anticipated duration of the guardianship may be limited because of the ward’s age or physical condition with the result that the guardian’s investment strategy would of necessity be different from that of a conventional trustee.
From this brief summary of the responsibilities of various fiduciaries, it is clear that the compensation of guardians must be determined case by case, based upon the responsibilities of the guardian, the nature and extent of the assets and the anticipated duration of the guardianship. Where the guardian must marshall assets and make investments that can be readily liquidated for a period that is expected to be short in duration, such fiduciary is acting more like a personal representative and the compensation plan should reflect this. Where the guardianship is expected to last a long time and holds substantial assets, the guardian’s duties more resemble those of a trustee because of the increased degree of sophistication required to develop an investment strategy and the concomitant exposure. Under such circumstances, the guardian should be compensated like a trustee for the responsibility for long-term ongoing property management and distribution to the ward.
Interestingly, when services are rendered over a short period of time, the compensation for executors and administrators is more favorable than that allowed trustees. The compensation for trustees exceeds that of executors or administrators only when the services are rendered over a longer period of time exceeding at least five years (see, SCPA 2309 [1], [2]).
It is clear that with respect to article 81 "guardians”, a court is not limited to choosing either the rate fixed for trustees or that fixed for executors or administrators. As noted, the quoted statute (Mental Hygiene Law § 81.28) permits the court in its discretion to devise any compensation plan it deems reasonable after considering whether the guardian’s duties more resemble those of a trustee or of an executor.
In the instant case, the "property” for which the guardian will be responsible consists of his ward’s interest in the estate of the ward’s daughter estimated at $200,000. However, after paying his ward’s creditors, mainly the Department of Social Services, very little of that sum will be left to administer. Indeed, it is anticipated that the guardianship property will be depleted shortly.
*547 Under such circumstances, this court determines that the guardian shall be compensated at the rate allowed to an executor pursuant to SCPA 2307 rather than at the rate allowed to a trustee under SCPA 2309.