■ In the Matter of DOROTHY S. LINDSAY, an Incapacitated Person. AVRON I. BROG, as Coguardian, Appellant; JEREMY S. NUSSBAUM, as Executor of DOROTHY S. LINDSAY, Deceased, Respondent, and ANNA E. CROUSE, as Coguardian, et al., Respondents. [715 NYS2d 395] —Orders, Supreme Court, New York County (Richard Lowe, III, J.), entered April 27, 2000, which, to the extent appealed from, confirmed the reports of Robert L. Geltzer, Esq., Court Examiner, and reduced the appellant coguardian's commissions for 1995 and 1996, unanimously affirmed, without costs.

The appointing order and judgment directed that the guardians were to be compensated in accordance with SCPA 2309 "unless modified under section 81.28 of the Mental Hygiene Law". Under Mental Hygiene Law § 81.28 (a), the compensation paid to a guardian "may be similar" to the compensation of a trustee under SCPA 2309. However, the reference to SCPA 2309 is only a guideline and the court retains the discretion to adopt a compensation plan it deems appropriate in a particular case (*see*, Comments of State Law Rev Commn [reprinted in McKinney's Cons Laws of NY, Book 34A, Mental Hygiene Law

§ 81.28, at 405]; *Matter of Haberstich*, 169 Misc 2d 543). We see no reason to disturb the determination that, in this case, the value of the ward's literary property rights and her residence should be excluded from the commission base and that commissions based on $4,430,750.81 in assets, rather than $5,560,850.81, constituted fair and reasonable compensation. While the guardians may have faithfully discharged their duties, the value of their efforts is not necessarily related to the dollar value of the ward's assets. In any event, the guardian of an incompetent is the mere custodian of the incompetent's property and is not entitled to commissions on the value of unsold real estate (*Matter of Merritt*, 278 NY 74, 77; *Matter of Luka*, 23 AD2d 46, 48). Concur—Nardelli, J. P., Williams, Mazzarelli and Andrias, JJ.